Jones, Oliver B., J.
This is a taxpayer’s suit to enjoin the board of county commissioners from employing William W. Crawford as clerk of such board, and from the payment of any money to him for salary under such employment, and to order the return and restoration to the auditor’s office of the *441 books and records of the board of county commissioners.
The relator, Samuel C. Landis, states in his supplemental petition and the amendment thereto the following reasons why such employment and expenditure of money would be unlawful:
“1. That it is not necessary for the clerk of said board to devote his entire time to the discharge of the duties of such position.
“2. That said board of county commissioners did not by said resolution resolve that it was necessary for the clerk to devote his entire time to the discharge of the duties of such position.
“3. It does not require more than a few hours per week to perform the duties as clerk of said board.
“4. To carry out said contract would require the expenditure of $1500 per annum of the public money for services which can be easily performed by the auditor of said county without any cost to the county.
“5. That said services as clerk of said board have always heretofore for many years been performed by the auditor of said county without any cost to the county, and there is no reason why the same cannot hereafter be so performed.
“6. Said board of county commissioners did not investigate the facts, and did not sit as a board of inquiry on the facts and on the necessity for the employment of said clerk.
“7. Said board of county commissioners did not find it was necessary for the employment of such clerk, and made no finding whatever on the subject.
*442 “8. That said board of county commissioners did not find that it was necessary for the clerk to devote his entire time to the duties of his position.
“That the statute under which said commissioners made such appointment of said clerk is unconstitutional.”
Provision is made in Section 2566, General Code, that the county auditor shall be the secretary of the county commissioners. Said section is as follows :
“By virtue of his office, the county auditor shall be the secretary of the county commissioners, except as otherwise provided by law. When so requested, he shall aid them in the performance of their duties. He shall keep an accurate record of their proceedings, and carefully preserve all documents, books, records, maps and papers required to be deposited and kept in his office.”
This same section was formerly Section 10 of the act prescribing the duties of county auditors, passed April 4, 1859 (56 O. L., 128; 1 S. & C., 97). In this original form it reads as follows:
“The county auditor shall by virtue of his office, be clerk to the board of county commissioners of his county, and shall keep an accurate record of their corporate proceedings, and shall carefully preserve all the documents, books, records, maps, and other papers, required to be deposited or kept in his office.”
Authority is given the commissioners to appoint a clerk under Section 2409, General Code, which is as follows:
“If such board finds it necessary for the clerk to devote his entire time to the discharge of the duties *443 of such position, it may appoint a clerk in place of the county auditor and such necessary assistants to such clerk as the board deems necessary. Such clerk shall perform the duties required by law and by the board.”
Certain duties are prescribed by statute for the clerk, some of them being set out in Sections 2406, 2407, 2522 and 2531, General Code.
The resolution under which the employment objected to was made was adopted by the board of county commissioners at its meeting September 20, 1915, by a vote of two yeas and one no. The vote not being unanimous, under the provision of Section 2414, General Code, the resolution was again voted on at the meeting of October 16, 1915, at which time the following resolution was adopted by the yea vote of each of the three commissioners:
“Resolved, by the Board of County Commissioners of Butler County, Ohio, That the resolution adopted by this Board September 20, 1915, be amended to read as follows:
“That, Whereas, The Board of County Commissioners of Butler County, Ohio, deems it necessary to have a clerk who can devote his entire time to the discharge of the duties of such position,
“Therefore, Be it Resolved, by the Board of County Commissioners of Butler County, Ohio, that commencing October 18, 1915, W. W. Crawford be and is hereby employed as clerk of this Board at a salary of $125 per month, payable monthly. Such clerk shall perform the duties required by law and the Board.”
It is contended by relator that the board of county commissioners did not by this resolution, or *444 by any other action, find that it was necessary for the clerk to devote his entire time to the discharge of such position, and counsel argue that without such finding no power exists under the law for the appointment of a clerk.
The criticism made by counsel for relator is well taken in that the language employed in the preamble of the resolution as passed is not in its effect the same as the finding required under Section 2409 before an appointment of clerk can be made. In other words, it is not the same “to have a clerk who can devote his entire time” as it is “for the clerk to devote his entire time.”
It is further insisted by counsel that the record itself must show that the board upon full consideration, and possibly on hearing evidence, or at least after considerable experience had by each member in the performance of his official duty, must make an official finding of the necessity for the clerk to devote his entire time to the discharge of the duties of the position before any appointment can be made.
It is insisted that the word “finds” has a technical meaning which requires personal experience, or something equivalent to the hearing of evidence and a judicial consideration of the necessity, and the arrival at a judgment or judicial decision in the matter; and that the word “deems,” which is used in the commissioners’ resolution and found in Sections 2410, 2411 and 2412, means something different from the word “finds” as used in Section 2409. Counsel have submitted dictionary definitions of these two words, one of the definitions given for “deem” being “to hold in * * * opinion; decide as a conclusion; consider, regard, *445 believe;” among those for “find,” “to discover through the perceptions or feelings; learn by experience; perceive; ascertain. To decide after judicial investigation.” It will be seen, therefore, that there is no substantial difference in the meaning of the two terms as used in the section referred to, and that what was necessary for the board of commissioners, in order to act under Section 2409, was to become convinced after proper inquiry and consideration in good faith that the necessity existed for the employment of such clerk.
The rule for the construction of the records of inferior tribunals such as county commissioners has been laid down in the first paragraph of the syllabus of Lewis et al. v. Laylin et al., 46 Ohio St., 663, as follows:
“In construing the records of inferior tribunals, acting within the scope of their authority, to ascertain whether or not they have followed certain statutory requirements, technical precision will not be required; it will be sufficient if it appear, though informally, from a reasonable construction of the whole transcript of the proceedings, that these requisites have been observed.”
With this rule in mind, a fair construction of the resolution as adopted, taken in connection with the evidence set out in the record, convinces the court that the members of the board of commissioners did fairly consider the necessity for a clerk to devote his entire time to the discharge of the duties of the position, and that their intention in the passage of the resolution was to record such finding. There is evidence to show that one member of the board had served in that capacity at least *446 one year, and the other two members had by personal inquiry and observation informed themselves in regard to their duties in this matter.' There seems to be no more reason why members should be required to have months of experience, to pass upon a question such as this, than that similar experience should be required to exercise other official duties devolving upon them.
The evidence shows that there is, as might be supposed, a difference of opinion as to the necessity and wisdom of the employment of such a clerk. It discloses, however, that there is sufficient work to occupy the entire time of a clerk for the benefit of the county, whether that clerk be one employed directly by the board, or the county auditor in person, or one of his deputies; and, while the auditor himself would receive no additional compensation by reason of his duties as such clerk, if he performed that service, it is shown by the evidence that in practice it has been customary while he was the secretary of the board for the actual work to be done by one or more of his deputies, so that in any event the cost of the work would be paid from the public treasury.
In this case there is no charge made of fraud or bad faith upon the part of the commissioners. The most that can be claimed for the petition is a charge of abuse of discretion or mistaken judgment on their part. Relator practically asks the court to substitute its judgment and official discretion, as to the necessity for this employment and expenditure, for that of the commissioners.
No matter what the personal view of the judges composing this court might be, it would not be a *447 proper exercise of the judicial powers of the court to interfere by injunction with the legitimate discretion of the county commissioners so long as that discretion is being honestly exercised by them in good faith within the limits of the powers conferred by statute. Mechem on Public Officers, Sections 990, 991.
No such abuse of discretion or lack of good faith appears in the record as would require interference by the court.
It is contended, however, that Section 2409, General Code, is unconstitutional, inásmuch as the duties imposed by law upon the clerk of the county commissioners are of such a nature that he is necessarily a county officer. Numerous cases are cited in the briefs of counsel as to the difference between an officer and an employe. A careful consideration of the duties of this clerk, as set out in the statutes, shows that they are purely clerical in their nature, and not of a character that would require independent official action such as would constitute the clerk a county officer under the provisions of the constitution.
In Kloeb, Auditor, v. Mercer County Commissioners, 4 C. C., N. S., 565, it was held that the county auditor is a public officer, and that he is in no respect a mere clerk of the board of county commissioners, thus making the plain inference that such clerk is not an officer.
That part of old Section 845, Revised Statutes, which provided for legal counsel, was held unconstitutional in State, ex rel. Cline, v. Cannon et al., 12 C. C., N. S., 103, and in Ireton et al. v. State, ex rel. Hunt, Id., 202, for the reason that official *448 discretion was attempted to be vested in legal counsel, mere appointees of the commissioners, who were thus, as to all civil matters, given the full authority conferred by law upon prosecuting attorneys. There are numerous cases in Ohio illustrating the difference between an officer and an employe, which it is not necessary to review. Among the many citations given by counsel are 29 Cyc., 1361; State, ex rel. Armstrong, v. Halliday, Auditor, 61 Ohio St., 171; State, ex rel., v. Brennan, 49 Ohio St., 33, and State, ex rel. Atty. Genl., v. Jennings et al., 57 Ohio St., 415.
In our opinion Section 2409 is constitutional.
The only other matter to be considered is as to the custody of the records of the county commissioners.
Section 2405, General Code, provides that the meetings of the board shall be “at the office of the auditor, or the usual office of the commissioners,” and Section 2407, General Code, provides that “When the board is not in session, the record book shall be kept in the auditor’s office, and open at all times to public inspection.” A careful examination of the numerous laws in regard to the meetings of the county commissioners, and the experience of the different counties in the state, would indicate that at least in the smaller counties the auditor’s office is the office used by the commissioners. The statute requires that the commissioners shall furnish an office for the auditor. In many counties there are several rooms provided. In Hamilton county, we are informed, all of the rooms that are occupied by the commissioners for the board meetings, and for the engineer’s offices and road records, all of which are apart from those of the *449 auditor, are designated by resolution on the minutes as part of the auditor’s office, so that a literal compliance may be had with the statute.
In the opinion of the court these statutes are at best directory. The purpose of the law is that the records should be safely kept, and that they should be accessible to the public as public records open for inspection at reasonable times. There is nothing in the record of this case to show that the spirit of the law has been violated in that respect, and, if it should be deemed necessary, in order to comply literally with the statute, it is a simple matter for the ‘ commissioners to designate as a part of the auditor’s office the rooms in which they may find it necessary to have their records stored. When the commissioners’ office is open at the same hours as the auditor’s office, with a clerk present to answer questions and furnish information, and opportunity afforded any taxpayer who may desire to inspect the minutes and other records, it would appear to be entirely unnecessary for him to carry the books from the commissioners’ room to the auditor’s room and place the burden upon the auditor or one of his clerks or deputies to care for them and furnish information in regard to them.
The record fails to show any reason why this' court should intervene by injunction to interfere with the proper custody of its records by a board of county commissioners.
The petition will therefore be dismissed at the costs of the relator.

Petition dismissed.

Jones, E. H., P. J., and Gorman, J., concur.