The State, ex rel. Roger J. Au & Son, Inc., *v.*
Studebaker et al.[1]
Roger J. Au & Son, Inc., Appellant, *v.* Studebaker et al.,
Appellees. (Two cases.)[2]

(Nos. 2771, 2753 and 2773—Decided October 2, 1963.)

*Messrs. Ross, Sauter & Lett* and *Messrs. Marshall & Smith*, for Roger J. Au & Son, Inc.

*Mr. Paul R. Young*, prosecuting attorney, and *Mr. Paul J. Fleischauer*, for Board of County Commissioners of Montgomery County.

*Messrs. Bieser, Greer & Landis*, for Oberer Construction Company.

Kerns, P. J. These three cases arose from the same controversy and were argued and submitted to this court together.

---

1. Judgment affirmed, 175 Ohio St., 222.
2. Motions to certify the record (38314 and 38315) overruled, October 2, 1963.

The facts of the cases are quite simple. The plaintiff, Roger J. Au & Son, Inc., submitted the lowest bid for the construction of a sanitary sewer system in Montgomery County. However, the contract for the construction work was awarded by the Board of County Commissioners of Montgomery County to the Oberer Construction Company, the next lowest bidder. The plaintiff contends that, since its bid for the contract was lower than Oberer's, the action of the commissioners in awarding the contract to Oberer as the lowest and best bidder was arbitrary and unlawful.

Two of the present actions (cases Nos. 2753 and 2773) were commenced in the Common Pleas Court to set aside the agreement made between the Montgomery County commissioners and the Oberer Construction Company, and to compel the county commissioners to execute a contract for the construction work with plaintiff as the lowest and best bidder.

Court of Appeals case No. 2771 is an action filed originally in this court seeking a writ of mandamus.

The writ of mandamus is an extraordinary writ, and will not be issued as a substitute for an existing and adequate remedy in equity or at law. See Section 2731.05, Revised Code. Since the relator has an existing and adequate remedy by way of injunction, the prayer of the petition in case No. 2771 is denied upon the authority of *State, ex rel. Al Monzo Construction Co., Inc.,* v. *Board of Control of City of Warren, Ohio*, 172 Ohio St., 370. See, also, *State, ex rel. Cotleur,* v. *Board of Edn. of Cleveland Heights School Dist.*, 171 Ohio St., 335.

Court of Appeals cases Nos. 2753 and 2773 are appeals from judgments of the Court of Common Pleas of Montgomery County wherein the plaintiff, individually and as a taxpayer, in separate actions, was denied injunctive relief.

Both cases present but one substantive question—whether the Board of County Commissioners of Montgomery County abused its discretion in awarding the contract to the Oberer Construction Company.

With reference to such construction contracts, Section 6117.27, Revised Code, provides in part as follows:

"* * * the board of county commissioners shall enter into a written contract with the *lowest and best bidder* for the construction of the improvement * * *." (Emphasis added.)

The statutory provision directing that the contract be let to the "lowest and best bidder" vests a discretion in the board of county commissioners. Under such a statute, the contract may be awarded to one other than the lowest bidder. *State, ex rel. Walton,* v. *Hermann et al., Commrs. of Water Works of City of Cincinnatı,* 63 Ohio St., 440.

In the case of *Altschul* v. *City of Springfield,* 48 Ohio App., 356, where the plaintiff Altschul sought to enjoin the city of Springfield from entering into contracts for the construction of certain sewers, this court held as follows:

"Section 4328, General Code, providing that a public works contract shall be let to the 'lowest and best bidder,' does not require that the contract be let to the lowest dollar bidder, and courts cannot interfere with the exercise of the discretion of the public authorities in awarding such contract, except in cases of fraud or abuse of discretion."

In the present cases, there is no claim of fraud or bad faith upon the part of the county commissioners. The plaintiff contends rather that the commissioners abused their discretion.

In such cases, the general rule to be applied to the evidence is set forth in 43 American Jurisprudence, 786, Section 44, as follows:

"* * * there is but little dissent from the general rule that in determining who is such 'lowest responsible bidder,' 'lowest and best bidder,' etc., public boards and officials are vested with wide discretion, and their decision, when based upon an honest exercise of the discretion thus vested in them, will not be interfered with by the courts, even if erroneous."

As early as the case of *State, ex rel. Landis,* v. *Board of Commrs. of Butler County,* 6 Ohio App., 440, the applicable rule was stated in the following language:

"It is not a proper exercise of the judicial powers of a court to interfere by injunction with the legitimate discretion of county commissioners, so long as that discretion is being honestly exercised by them in good faith within the limits of the powers conferred by statute."

More recently, in the case of *State, ex rel. Shafer,* v. *Ohio Turnpike Commission,* 159 Ohio St., 581, the Supreme Court of Ohio approved of the following observations:

" 'The exercise of an honest judgment, however erroneous it may seem to be, is not an *abuse of discretion*. Abuse of discretion, and especially gross and palpable abuse of discretion, which are the terms ordinarily employed to justify an interference with the exercise of discretionary power, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' *People* v. *N. Y. C. Rd. Co.*, 29 N. Y., 418, 431, quoted from in *Alliance* v. *Joyce*, 49 Ohio St., 7, 22, 30 N. E., 270, by Dickman, J.

" 'The meaning of the term "abuse of discretion" in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.' *Steiner* v. *Custer*, 137 Ohio St., 448, 31 N. E. (2d), 855.

" '* * * it must be kept in mind that the term "abuse of discretion" means more than an error of law or error of judgment * * *. It means "a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence" * * *. Where the court does not exercise a discretion in the sense of being discreet, circumspect, prudent and exercising cautious judgment, there is an abuse of discretion. * * * The term has been defined as "a view or action that no conscientious judge, acting intelligently, could have honestly taken." ' *State, ex rel. Wilms,* v. *Blake et al., Industrial Commission,* 144 Ohio St., 619, 624, 60 N. E. (2d), 308. A similar statement appears in *State* v. *Ferranto,* 112 Ohio St., 667, 676, 148 N. E., 362.''

In denying injunctive relief in the present cases, the trial court relied heavily upon the case of *State, ex rel. John H. McGowan Co.,* v. *Village of St. Bernard,* 10 C. C., 74, where the syllabus provides:

"Where the trustees of the water works of a city, acting under the provisions of Sections 2415 and 2419, Revised Statutes, have taken proper and reasonable care to advise themselves whether one of the bidders for the pumping engines for the village could be depended upon to do the work bid for, with ability, promptitude and fidelity, and on the knowledge thus obtained, in good faith came to the conclusion that he was not, the court, even if satisfied that such opinion was incorrect, ought not to interfere with their subsequent action in awarding the contract to the next lowest bidder, if his bid was in proper

form and complied with the advertisement for bids. The duty and discretion of deciding this question is imposed upon the board of trustees, and not upon the courts."

In view of the principles governing cases of this kind, we agree with the trial court that no such abuse of discretion appears in the present record as would require judicial interference with the discretionary power exercised by the Board of County Commissioners.

The judgments in cases Nos. 2753 and 2773 are therefore affirmed, and in case No. 2771 the writ of mandamus is denied.

*Judgments accordingly.*

SHERER and CRAWFORD, JJ., concur.