**ALTSCHUL v SPRINGFIELD (city) et al**
**(2 Cases)**

Ohio Appeals, 2nd Dist, Clark Co

Nos 326 & 327.  Decided June 27, 1933

Justin A. Altschul, Springfield, and George B. Smith, Springfield, for plaintiff.

Frank L. Nevius, Springfield, and Anderson & McKee, Springfield, for Caffrey, Griffin & Bahin, Inc.

M. E. Spencer, City Solicitor, Springfield, for City of Springfield.

## OPINION

By KUNKLE, J.

Plaintiff, as such taxpayer, asks that the court enjoin the defendants from entering into or performing said proposed contract and from doing any act in fulfillment of the terms of said contract and that such injunction be made permanent.

A demurrer was filed to the petition, which was overruled, and thereupon the city of Springfield and Ralph E. Garvin, its City Manager, and also the defendant Caffrey, Griffin and Bahin, Inc., filed separate answers in which many of the averments of the petition were denied and in the answer of the city of Springfield the reasons are detailed for accepting the bid of Caffrey, Griffin and Bahin, Inc., and attempting to enter into a contract with said corporation for the construction of the work in question.

To such answers a reply was filed and an issue was thus joined and the case submitted to the lower court with the result that the trial court refused to grant the injunction and dismissed the petition of plaintiff.

Similar pleadings were filed in case No. 327 and the same relief sought. The contract involved in case No. 327 relates to Section E of the Mill Run Interceptor Sewer, contract No. 11, whereas in case No. 326 the contract relates to Section B.

The case has been submitted to this court upon a transcript of the testimony taken in the lower court, plus some additional testimony taken in this court.

Counsel have favored the court with very complete briefs in which portions of the testimony are quoted and in which many pertinent authorities are cited and discussed.

Counsel have suggested to the court that a prompt decision in this case would be appreciated.

We have with care read the testimony submitted and have considered the arguments contained in the respective briefs of counsel.

We shall not attempt to quote the testimony in detail as to do so would require a repetition of a very substantial portion of the testimony. This is impractical. Neither shall we attempt to discuss in detail the many authorities cited by counsel. We shall content ourselves with announcing the conclusion at which we have arrived after a careful study of the testimony and an examination of the pertinent and controlling authorities.

The plaintiff is seeking an injunction against the city and its officers. This court has, upon various occasions, announced the well known rule that courts will not grant perpetual injunctions unless the party seeking them has shown a clear right thereto. This court is therefore without authority to grant a perpetual injunction against the city and its officers unless it is clearly shown that the city and its duly appointed officials have abused the discretion which the Legislature has reposed in such officials.

The action arises out of §§4328, 4329, etc., GC. §4328 GC provides for advertisement for bids for work of this nature and for the Director of Public Service entering into a written contract with the **lowest and best bidder** after having made such advertisement.

The question for determination is whether Caffrey, Griffin and Bahin, Inc., are or are not the **lowest and best bidder**. It is conceded that they are not the low dollar bidder upon the tabulation of bids as made by the city authorities but it is contended by the defendants that they are the **lowest and best bidder.**

The portion of the amended petition above quoted shows that The Cogito Construction Company tendered the low dollar bid for Section B in the sum of $38,712.05; that Caffrey, Griffin and Bahin tendered the next lowest dollar bid in the sum of $42,478.30 upon Section B and that there were three other bidders who tendered higher bids for this contract, the highest of which was over $47,000 and that the City Engineer's Estimate for this work was over $48,000.

The evidence shows that under Section E of the sewer involved in this litigation, viz: Case No. 327, The Cogito Construction Company tendered the lowest dollar bid in the sum of $17,137.60; that Caffrey, Griffin and Bahin tendered the next lowest bid in the sum of $17,488.75; that there were three other higher bidders for this work, the highest of which was over $20,000 and that the Engineer's Estimate was in excess of $22,000.

It must be conceded that when the statute provides for the acceptance of the **lowest and best** bid that the city is not limited to an acceptance of merely the lowest dollar bid.

The statutes of this State as to most public work, some years ago, provided for the acceptance of only the lowest bid. That was subsequently amended so as to read "lowest and best bid." This amendment clearly indicates that the Legislature recognized that an element often enters into the letting of a contract other than the mere low dollar bid, and hence the amendment providing that the contract should be let to the lowest and best bidder.

This amendment therefore places in the hands of the city authorities the discretion of determining who under all the circumstances is the **lowest and best** bidder for the work in question.

This discretion is not vested in the courts and the courts cannot interfere in the exercise of this discretion unless it clearly appears that the city authorities in whom such discretion has been vested are abusing in some way the discretion so vested in them.

There is a long line of decisions in this State to the above effect and we shall not lengthen this opinion with any elaborate citation of authorities upon that subject.

In the case of **Scott v Hamilton, in Vol.**

**29 C.C. Reports, at page 652,** the third paragraph of the syllabus is as follows:

"The provision of Laning Revised Statutes 3131 (B 1536-679) that the public service board 'shall make a contract with the lowest and best bidder' does not require that the award be made to the lowest bidder, and where the action of the board in awarding the contract is free from fraud, its discretion cannot be controlled."

In the case of the **State of Ohio ex Walton et v Herman et, 63 Oh St, page 440,** our Supreme Court, in the syllabus of the case, has announced the rule as follows:

"A statute which confers upon a board of public officers authority to make a contract, 'with the lowest and best bidder' confers upon the board discretion in respect to awarding the contract which cannot be controlled by mandamus."

Counsel for plaintiff do not claim that there is any actual fraud upon the part of the city authorities in awarding these contracts to Caffrey, Griffin and Bahin, Inc. No testimony has been submitted to us which would warrant a finding of fraud or bad faith upon the part of the city authorities in awarding this contract even if such claim was made. It is seriously contended, however, that the city authorities have abused their discretion in awarding this contract to Caffrey, Griffin and Bahin, Inc. If bad faith or fraud entered into this transaction then an entirely different proposition would be presented, and courts are always prompt to protect the public as against any contract wherein actual fraud or bad faith appears. We are pleased to state, however, that no such claim is made in this case, nor does the testimony disclose any facts which would justify such a claim.

It is apparent from a reading of the testimony that one of the purposes in constructing the sewers in question at this time was to afford some relief for the unemployed. The City Manager, Mr. Garvin, in his testimony frankly admits that greater relief, in his opinion, would be secured for local laborers under Caffrey, Griffin and Bahin, Inc., than it would under The Cogito Company of Cleveland. He explained, however, that this was only one of many elements that entered into the determination of the question as to who was the **lowest and best** bidder.

Counsel for the defendants frankly admit on page 22 of their brief that if the City Manager had considered only the local labor conditions and the local poor relief problem that he would not have properly exercised the discretion which is vested in him. The City Manager, on pages 27, 30, 31, 32, 38, 39, etc., etc., of the record, explains in detail the many elements which entered into his finding that Caffrey, Griffin and Bahin, Inc., was the **lowest and best bidder.** Among other things he explains on pages 27, 28, etc. of the transcript the failure of the lowest dollar bidder to make a satisfactory arrangement with the railroads for the completion of portions of this work, which we consider material under the evidence; the fact that Caffrey, Griffin and Bahin, Inc., or the different members of this organization had during the past completed something over $200,000.00 worth of work for the city wherein no litigation or controversy was had other than the usual controversies had between a contractor and the city; that on the known features, that is, items of known quantities, the Cogito Construction Company is the high bidder while on the indeterminate items it is the low bidder. The testimony of the City Manager then describes in detail what are the known and what are the indeterminate items in all contracts and also in these particular contracts. Applying this explanation to the particular contracts it cannot be determined definitely until the work is completed, whether Caffrey, Griffin and Bahin, Inc., bid will be the second low dollar bid, or the first low dollar bid upon the completed work. To give in detail the reasons that caused the city officials to decide that Caffrey, Griffin and Bahin, Inc., were the **lowest and best** bidder would require a repetition of a large portion of the testimony of Mr. Garvin and others. This is impractical and unnecessary as counsel are familiar with the same.

From a careful study of the record we would not feel justified in finding that the city authorities had abused the discretion which the Legislature has reposed in them in making the awards and attempting to enter into the contracts in question.

Our consideration of the record satisfies us that either Caffrey, Griffin and Bahin, Inc., or The Cogito Construction Company of Cleveland are amply equipped and qualified to perform the work in question.

It is also claimed that the bid bond of Caffrey, Griffin and Bahin, Inc., is invalid.

We think the bid of Caffrey, Griffin and Bahin, Inc., could not be rejected upon this ground, under the circumstances dis-

closed by the record, even had the city desired to reject the same. However that may be, this would not be controlling in an injunction proceeding. The purpose of a bid bond is to guarantee the entering into a contract and giving a bond for the performance of the work, by the successful bidder. That is the purpose of the bid bond and the record shows that the contracts in question have been signed by Caffrey, Griffin and Bahin, Inc., and bond for the completion of the work has been furnished by Caffrey, Griffin and Bahin, Inc. See pages 171, 172, etc., of transcript of evidence. It is only by reason of the plaintiff bringing this suit that the city has delayed signing the contracts in question.

From a consideration of the entire evidence, we would not feel warranted in issuing an injunction against the city and its duly authorized officers to prevent the execution of these contracts.

The application for injunction in each of the above cases will be denied and the petitions dismissed.

HORNBECK, PJ, and BARNES, J, concur.