Zimmerman, J.
 

 No claim is made that the certificates furnished by relator were not satisfactory. The respondent resists' this action on two main grounds. For his first ground, he claims, in substance, that the furnishing of the described certificates by the relator to the Director of Highways, a state official, and the head of a governmental department, constituted the practice of law; that the director has such powers and such only as are conferred by statute; that Section 333, General Code, provides in part, that £<the Attorney General shall be the chief law officer for the state and all' its departments. No state officer, board, or the head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law”; and that therefore, under the law, the Director of Highways was without authority to employ relator and the respondent could not legally recognize or act on the voucher presented to him.
 

 The initial question for our consideration is, did the work done by relator and his assistants constitute the practice of law or come within the definition thereof, as pronounced by this court in the case of
 
 Land Title Abstract & Trust Co.
 
 v.
 
 Dworken,
 
 129 Ohio St., 23, 193 N. E., 650?
 

 In the fifth paragraph of the syllabus of that case, the rule is laid down that “ furnishing opinions in pro
 
 *15
 
 eeedings in court, as to necessary parties thereto, and preparing and advising in relation to conveyances and other papers pertaining to real estate transactions, for the benefit of others, are acts falling within the practice of law.”
 

 The character of the certificates submitted by relator has already been noticed. They come within the general definition of an abstract of title as set forth in 1 Corpus Juris Secundum, 380, Section 1, as fol!owsj__
 

 “An abstract of title is a memorandum or concise statement, in orderly form, of the substance of documents or facts, appearing on the public records,- which affect the title to real property.”
 

 It is said in the opinion in
 
 Stephenson
 
 v.
 
 Cone,
 
 24 S. D., 460, 463, 124 N. W., 439, 440, 26 L. R. A. (N. S.), 1207:
 

 “To furnish abstracts of title is a business — a sort of a profession. * * * Patience in the investigation of records is the main capacity required. There are no professional opinions required of the abstractor. It is his duty to furnish facts from the records, without concern for their legal effect. Upon the facts furnished the purchaser must make his own examination and determine for himself on their sufficiency.”
 

 Of course, when an abstracter goes further and undertakes to certify as to the condition of the title, including an opinion as to its validity, he then enters the realm of the practice of law. See 111 A. L. R., annotation, 31; 151 A. L. R., annotation, 786.
 

 As is remarked in the case of
 
 In re Grievance Committee of Bar of New Haven County
 
 v.
 
 Payne,
 
 128 Conn., 325, 331, 22 A. (2d), 623, 626, a real distinction exists between the preparation of ah abstract of title, reciting merely what the public records disclose, and the issuance of a certificate containing an opinion as to the validity of the title to real estate.
 

 
 *16
 
 In the case of
 
 In re Opinion of the Justices,
 
 289 Mass., 607, 615, 194 N. E., 313, 318, it is flatly asserted that the search of records of real estate to ascertain what may there be disclosed without giving opinion or advice as to the legal effect of what is found does not constitute the practice of law.
 

 Here, relator’s certificates contained simply facts taken from the public records without the expression of any opinion concerning their legal significance. The situation comes within the holding in the case of
 
 Gustafson
 
 v.
 
 V. C. Taylor é Sons, Inc.,
 
 138 Ohio St., 392, 397, 35 N. E. (2d), 435, 437, where this court said in a
 
 per curiam
 
 opinion “that the supplying of simple, factual material such as the date, the price, the name of the purchaser, the location of the property, the date of giving possession and the duration of the offer requires. ordinary intelligence rather than the skill peculiar to one trained and experienced in the law. ’ ’
 

 Relator claims, without contradiction, that it was necessary for the Director of Highways to have certificates of title of the kind furnished by relator to permit proper journalization of the property to be appropriated for the construction of the road (Section 1201, General Code); and that the director in the present instance followed the procedural directions contained in the opinion of the Attorney General appearing in Yol. 1, Opinions of Attorney General (1916), 779.
 

 Respondent’s first contention must be decided against him.
 

 The second contention of the respondent is that if the services furnished by the relator did not constitute the practice of law, the Director of Highways lacked authority to make an agreement with relator respecting the certificates, at a' cost in excess of $500, and in the absence of competitive bidding. (Section 1206
 
 et seq.,
 
 General Code); and that House Bill No. 227, 95th
 
 *17
 
 General Assembly, being the General Appropriation Act for the biennium 1943-1944, contains no appropriation of any money to the Department of Highways for the preparation of certificates of title.
 

 While it is quite true that public contracts may not ordinarily be entered into without advertisement and competitive bidding, a well recognized exception exists where the contract is for.personal services of a specialized nature requiring the exercise of peculiar skill and aptitude. 43 American Jurisprudence, 770, Section 28; 142 A. L. R., annotation, 542. This exception has been recognized and applied in Ohio.
 
 Cudell
 
 v.
 
 City of Cleveland,
 
 16 C. C. (N. S.), 374, 31 C. D., 548, affirmed without opinion, 74 Ohio St., 476, 78 N. E., 1123; 33 Ohio Jurisprudence, 638, Section 14. Compare
 
 State, ex rel Baen,
 
 v.
 
 Yeatman, And.,
 
 22 Ohio St., 546.
 

 The services relator was engaged to supply fall within the noted exception. They represented a necessary emergency undertaking demanding the immediate enlistment of trained persons thoroughly familiar with the public records and their use. See, also, 43 American Jurisprudence, 772, Section 31.
 

 Therefore, respondent’s second contention must also be resolved against him.
 

 In our opinion there can be little doubt as to the general right of the Director of Highways to enter into an agreement of the type in issue. Under Section 1178, General Code, the Department of Highways is charged with the duty of constructing state highways. Section 1201, General Code, empowers the director to appropriate property for such purpose. He is authorized under Section 1188, General Code, to pay expenses in connection with appropriation proceedings out of funds available for highway construction. And Section 1228-2, General Code, specifically authorizes him to cooperate with the United States government in
 
 *18
 
 carrying out the provisions of the Defense Highway Act of 1941. and to pay expenses relating thereto from available funds.
 

 We conclude that relator has a valid claim which ought to be paid and that it is respondent’s duty to comply with the prayer of the petition.
 
 State, ex rel. S. Monroe & Son Co.,
 
 v.
 
 Tracy, Aud.,
 
 129 Ohio St., 550, 567, 196 N. E., 650, 658.
 

 The requested writ is therefore allowed.
 

 Writ allowed.
 

 Weygandt, O. J., Bell, Williams, Turnee, Matthias and Hart, JJ., concur.