**YELLOW CAB OF CLEVELAND, INC., Appellee,**

v.

**GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, Appellant.**

[Cite as *Yellow Cab of Cleveland, Inc. v. Greater Cleveland Reg. Transit Auth.* (1991), 72 Ohio App.3d 558.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57884.

Decided Feb. 19, 1991.

*Goldfarb & Reznick, Bernard S. Goldfarb, Mark V. Webber* and *Carl E. Cormany,* for appellee.

*Russell T. Adrine, Oscar Trivers, Douglas H. Kohout* and *Robert C. Brooks,* for appellant.

*Porter, Wright, Morris & Arthur* and *Richard M. Markus,* for *amicus curiae,* Ohio Public Transit Assn.

---

DYKE, Judge.

Plaintiff-appellee, Yellow Cab Company of Cleveland, Inc. ("Yellow Cab"), filed an action in which it sought preliminary and permanent injunctive relief and a declaratory judgment restraining defendant-appellant, Greater Cleveland Regional Transit Authority ("GCRTA"), from conducting any activities in furtherance of the negotiated contracts procedure which was initiated by the issuance of a Request for Proposal for the procurement of special transportation service for the elderly and handicapped.

After an evidentiary hearing, the trial court granted a preliminary injunction. The case proceeded to trial and at its conclusion the court ruled that the contract which appellant sought to enter was not a personal services contract and that appellant was mandated to award the contract in accordance with the competitive bidding requirements of R.C. 306.43. The court stated that appellant was not authorized to enter into a contract after receipt of responses to its Requests for Proposals.

Appellant filed a request for separate findings of fact and conclusions of law on or about May 24, 1989. However, before the court made any findings or conclusions, appellant filed its notice of appeal.

GCRTA, as a supplement to its regular scheduled mass transportation service to the Greater Cleveland area, provides special transportation services to the elderly and handicapped. The title of this service is Community Response Transit ("CRT"). GCRTA provides the majority of the service with its own vehicles and employees, but supplements that service by engaging a private carrier to provide regular trips service and special medical transportation service to the suburbs of Cuyahoga County. Yellow Cab had provided that service to GCRTA for thirteen years, pursuant to a competitively bid contract.

In 1989 the contract between GCRTA and Yellow Cab was due to expire. GCRTA management suggested to its board of trustees that instead of procuring a new contract by competitive bid, an alternate method of procurement should be used. GCRTA management advised that the new contract be entered into using the Request for Proposals ("RFP") pursuant to GCRTA's negotiated contract procedure. The RFP method is not competitive bidding.

In recommending this alternative method to the trustees, Ronald J. Tober, GCRTA's Manager/Secretary Treasurer, stated:

"What we are essentially seeking in this procurement is a professional service to manage and operate CRT services on the authority's behalf. We are looking for the best approach to ensure the delivery of high quality service at the best price possible. This is decidedly different than trying to get the lowest price for something that meets a well-defined set of minimum specifications."

GCRTA's Board of Trustees approved the suggestion that the procurement of this service be obtained by negotiated contracts, *i.e.*, RFPs. That resolicitation of proposals for this procurement is the subject of the present controversy.

The parties stipulated the issue at trial to be as follows:

"Is GCRTA bound under State law to obtain the supplemental special transportation services for the elderly and handicapped by competitive bidding? The parties agree that the RFP method of procurement is not competitive bidding."

The case was tried to the bench. Yellow Cab's complaint was that the special transportation service sought to be procured by GCRTA was not a "personal service" exempt from competitive bidding under R.C. 306.43.

In its decision, the trial court recognized that GCRTA need not seek competitive bids for "personal services" contract under R.C. 306.43. However, the trial court found that the proposed contract was "not one for personal services" and thus enjoined GCRTA from pursuing the RFP procedure in conjunction with issuing a contract for suburban and handicapped and elderly transportation services. The court ordered GCRTA to comply with the provisions of R.C. 306.43 requiring defendant to solicit sealed bids for the procurement of those services.

Appellant GCRTA assigns four errors for our review.[1]

## I & II

"The trial court's finding that the providing of special transportation service for the handicapped and elderly is not a personal service contract exempted from competitive bids under 306.43 O.R.C. was against the manifest weight of the evidence.

---

1. The Ohio Public Transit Association ("OPTA") represents all publicly operated transportation systems in the state and submitted a brief as *amicus curiae.*

"The trial court's finding that the providing of special transportation service is not a personal service contract exempted from competitive bids under [R.C.] 306.43 was erroneous as a matter of law."

GCRTA argues in its first and second assignments of error that Special Transportation Service is a "personal service" within the meaning of this section and that it is therefore exempted from the general requirement for competitive bidding.[2] GCRTA states that the judgment of the trial court finding to the contrary was unsupported by the evidence.

R.C. 306.43 states the law governing GCRTA's procurement of special transportation service and provides in pertinent part:

"The board of trustees of a regional transit authority or any officer or employee designated by such board may make any contract for the purchase of supplies or material or for labor for any work, under the supervision of the board, the cost of which shall not exceed fifteen thousand dollars. *When an expenditure, other than for * * * personal services * * * exceeds fifteen thousand dollars, such expenditure shall be made only after a notice calling for bids has been published * * *. The board may let the contract to the lowest and best bidder. * * *"*[3] (Emphasis added.)

The standard of review under manifest weight was set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus, as follows:

"Judgments supported by *some competent, credible evidence* going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." (Emphasis added.)

Thus, the issue before this court is whether there exists some competent, credible evidence from which the trial court could have concluded that the special transportation service was not, as defined in GCRTA's RFP, a "personal service" within the meaning of R.C. 306.43 and thus could not be exempted from competitive bidding.

There is no case law which specifically discusses the meaning of "personal services." We turn to R.C. 307.86, a parallel provision which requires competitive bidding on county purchases for direction in determining

---

**2.** OPTA argues that R.C. 306.35(S) provides another exception to the general competitive bidding requirement.

The record reveals that this argument was not raised to the trial court and therefore cannot be considered on appeal. See *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

**3.** The statute does not provide a definition of "personal services."

when a contract is defined as one for "personal service." [4] Services excepted from competitive bidding are those which vest significant discretion in the contractor. Services which have been excepted from competitive bidding under R.C. 307.86 are those of an accountant, architect, attorney at law, physician, professional engineer, construction project manager, consultant, surveyor, or appraiser. *State, ex rel., Doria, v. Ferguson* (1945), 145 Ohio St. 12, 30 O.O. 241, 60 N.E.2d 476 (services of an attorney in a contract for title services); *Attlin Constr., Inc. v. Muncie Community Schools* (Ind.App.1980), 413 N.E.2d 281 (contract with construction manager who had to use professional engineering skills and experience); *Hordin v. Cleveland* (1945), 77 Ohio App. 491, 33 O.O. 336, 62 N.E.2d 889 (services of advertising specialists); *Cleveland v. Lausche* (1943), 71 Ohio App. 273, 26 O.O. 123, 49 N.E.2d 207 (Cleveland Museum of History hired to manage, operate and develop Cleveland zoological gardens). These cases, as well as the listed exceptions in R.C. 307.86, appear to define a "personal services" contract as one in which the offeree is vested with discretion in accomplishing the assigned tasks because his skills, knowledge, experience and expertise are unique to the area and could not be duplicated by others not similarly qualified. As the ability to define the task and requests for specific conclusions expand, discretion to add input and knowledge to the outcome lessens. Thus, where specific guidelines exist, the need for a personal service diminishes.

The record in this case contains competent, credible evidence that GCRTA, in its RFP, diminished the contractor's ability to exercise significant discretion. GCRTA's claim that a contractor providing special transportation service would exercise a substantial degree of discretion is not supported.

Wayne Simmons, GCRTA's Supervisor of Community Responsive Transit, including special transportation service, stated that the work assignment for the special transportation service contractor would be made by GCRTA for its daily tours for each vehicle needed. He stated all scheduling would be done by GCRTA. Simmons stated that what would be left for the subcontractor would be the *assigning of vehicles* to the runs, the maintenance of those vehicles, and the training of the drivers to be aware of the routes and the special needs of the passengers.

---

**4.** R.C. 307.86 deals with when competitive bidding is required:

"Anything to be purchased, leased, leased with an option or agreement to purchase, or constructed, including, but not limited to, any product, structure, construction, reconstruction, improvement, maintenance, repair, or service, *except the services of an accountant, architect, attorney at law, physician, professional engineer, construction project manager, consultant, surveyor, or appraiser by or on behalf of the county or contracting authority, as defined in Section 307.92 of the Revised Code * * *.*" (Emphasis added.)

Ronald Tober, GCRTA General Manager, testified that in the RFP the *cost evaluation* was given the greatest weight. He stated that the qualifications of a project manager were only given a ten percent evaluation. Tober admitted to never having read the RFP. Tober stated that the personal service feature enters the contract by requesting alternative approaches that could be used to manage and deliver the services; however, Tober admitted that GCRTA was equipped from a knowledge standpoint in knowing what it had to do to handle the pickup and delivery of the elderly. Additionally, Tober stated that GCRTA was not seeking any additional knowledge from a contractor.

Gregory VanHo, a Contractor Administrator for GCRTA, testified that GCRTA would not consider an outside firm doing scheduling because GCRTA has a sophisticated computer system and twelve dispatchers. VanHo stated that they were looking for people to come in and provide ideas for new and unique approaches; however, he admitted that it could be equally true for the regular mass transit system.

Brian McBride, Yellow Cab's Vice President, testified that compared to the last contract for special transportation service between Yellow Cab and GCRTA, the RFP contained more requirements and gave the contractor less discretion.

As appellee points out, GCRTA could have chosen to allow the contractor to exercise significant discretion regarding the service to be contracted as was done in *Lausche, supra*. However, the record indicates GCRTA with a great deal of specificity included specific guidelines in its RFP and divested the offeree of certain discretionary management-type functions such as scheduling and the dismissal of employees. Appellants admitted that cost was the greatest concern and that it was already equipped with the knowledge and know-how to provide the service. The record shows that the service sought to be procured allowed the offeree less discretion than before. It appears from the record that the offeree was to buy, maintain and provide vehicles. However, any service provides equipment and individuals to use the equipment. This type of limited management discretion does not, in our opinion, amount to the management discretion given an offeree to get a job done the way he or she sees fit. If "personal services" were defined in this way, all of GCRTA's services could be deemed personal.

Competent, credible evidence exists in the record which supports the trial court's conclusion that the proposed contract was not one in which "personal services" were required.

These assignments of error are overruled.

### III

"The trial court erred in substituting its judgment for that of governmental officials in the absence of arbitrary, capricious or unreasonable conduct."

 Appellant, in its third assignment of error, argues that the trial court erred when it used its injunctive powers to control the discretion of governmental boards and officers in matters within the scope of their statutory authority and discretion. Appellant claims that the methods utilized by GCRTA in seeking this procurement were thoroughly reviewed and debated. Therefore, GCRTA concludes that the trial court was prevented from substituting its judgment for that of the GCRTA Board of Trustees.

Appellant's argument is without merit. There exists a difference between the review of a contract award, *i.e.*, the selection of a particular contractor, and the review of a procurement method such as the one at issue. Appellant's argument seems to be premised upon the assumption that it may choose any method it desires for procuring a special transportation service.

As has been discussed in the first assignment of error, GCRTA's discretion to choose a *method* is not unlimited and is controlled by R.C. 306.43.

In *Biondolillo Constr. Co., Inc. v. Independence* (Feb. 4, 1982), Cuyahoga App. No. 44171, unreported, 1982 WL 2324, appellants alleged that theirs were the lowest and best bids received by the city for certain construction work and that the city illegally awarded contracts for such work to appellees. The issue in *Biondolillo* was whether the trial court abused its discretion in failing to award the contracts at issue to appellants, notwithstanding the fact that appellants' bids were the lowest bids received by the city. The court stated, "it is a well settled rule of law that *unless the requirements of an ordinance or statute have been violated, or fraud or its equivalent has been practiced,* the discretion of municipal authorities in the letting of contracts to the 'lowest and best bidder' will not be controlled by the courts. *State, ex rel. H.P. Clough & Co., v. Comm.* (1881), 36 Ohio St. 326; *State, ex rel. Walton, v. Hermann* (1900), 63 Ohio St. 440, 59 N.E. 104; *State, ex rel. Cleveland Trinidad Paving Co., v. Bd. of Public Service* (1909), 81 Ohio St. 218, 90 N.E. 389; *Altschul v. Springfield* (1933), 48 Ohio App. 356 [1 O.O. 522, 193 N.E. 788]." (Emphasis added.) *Biondolillo, supra,* at 5. The *Biondolillo* court held competent, credible evidence existed to support the city's conclusion that appellants' bids were not the "lowest and best bids." Therefore, appellants had not shown that the city abused its discretion by failing to award appellants the contract.

The situation in *Biondolillo* differs from the present situation. Our issue, unlike *Biondolillo's,* is whether the procurement method chosen was legal as

opposed to the selection of a particular contractor under a legal procurement method. If the requirements of an ordinance or statute have been violated, which was the claim in the present case, the discretion of the authorities, if contested, will be decided by the courts. *Biondolillo, supra,* at 5.

This assignment of error is overruled.

## IV

"The trial court erred to the prejudice of the defendant GCRTA by permitting into evidence testimony and/or exhibits governing GCRTA's previous procurement practices."

Appellant, in its final assignment of error, argues that the trial court improperly admitted evidence of the method GCRTA used in the past to procure the contract with Yellow Cab and the method by which Yellow Cab administered the contract. GCRTA argues that the past procurement activities confused the issues and resulted in unfair prejudice to appellant.

We do not agree with appellant's contention that the evidence was irrelevant. GCRTA, in support of its contention that the services it was seeking were "personal" within the meaning of R.C. 306.43, argued that it was unable to specify with sufficient detail its requirements for the special transportation service in an invitation for competitive bid. The evidence, of which GCRTA complains, rebutted GCRTA's contention that it was unable to specify the requirements. In addition, the evidence was relevant because it showed that GCRTA was able to specify detail. Lastly, the transcript reveals that, in its own examinations, GCRTA evoked that evidence of which it now complains.

The assignment of error is overruled.

*Judgment affirmed.*

KRUPANSKY, C.J., and DAVID T. MATIA, J., concur.