**In re David RABY and Barbara Raby, Debtors.**

**Bankruptcy No. 90–02647.**

United States Bankruptcy Court, N.D. Ohio.

July 3, 1991.

---

834

W. Zack Dolyk, Vermilion, Ohio, for debtors.

H. Buswell Roberts, Jr., Toledo, Tex., trustee.

W. David Arnold, Toledo, Ohio, for trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtors' Motion to Reconsider Order Approving Trustee's Assumption of Executory Contract. During the Hearing, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. At the conclusion of the Hearing, the Court ordered the parties to submit briefs on the issue of whether or not a land contract is an executory contract. The Court has reviewed the memorandum, the evidence and arguments presented, as well as the entire record in this case. Based upon that review and for the following reasons, the Court finds that the Debtors' land installment contract is an executory contract which may be assumed or rejected by the Trustee and accordingly finds that the Debtors' Motion should be denied.

### FACTS

On August 15, 1987, David and Barbara Raby, Debtors, entered into a land installment contract [hereinafter "Contract"] with Joan Rogers, Vendor, for the purchase of about 1.2 acres of real estate located in York Township, Sandusky County, Ohio. The record does not reflect any difficulties with this Contract prior to the filing of the Bankruptcy petition. On August 2, 1990, the Debtors filed their Bankruptcy petition. H. Buswell Roberts, Jr. [hereinafter "Trustee"] was appointed Trustee for their estate.

On November 20, 1990, the Trustee made a Motion to assume the Contract. The Trustee provided as grounds the fact that at the § 341 Meeting, the Debtors stated that the fair market value of the property was approximately Thirty Thousand Dollars ($30,000.00). The Trustee further stated that he had a buyer who was offering Fifty Thousand Dollars ($50,000.00) for the property. On November 26, 1990, the Court granted the Trustee's Motion. On December 5, 1990, the Debtors filed a Motion to Reconsider the Court's Approval of the Assumption of the Contract.

### LAW

Section 365 of the Bankruptcy Code provides that a trustee may assume or reject executory contracts of the debtor. 11 U.S.C. § 365(a). If the trustee elects to assume the contract, the trustee must per-

form the contract according to its terms. The Bankruptcy Code does not define the term "executory contract." The Sixth Circuit, however, has defined the term as "a contract on which performance remains due to some extent on both sides." *Terrell v. Albaugh (In re Terrell)*, 892 F.2d 469, 471 (6th Cir.1989). Once this threshold has been met, this Court must "determine whether one of the parties' failure to perform its remaining obligations would give rise to a 'material breach' excusing performance by the other party under" Ohio law. *Terrell*, 892 F.2d at 472 (citations omitted).

■ This Court has reviewed the Contract which the Trustee wishes to assume. Based upon that entire agreement, the Court finds that performance remains due on both sides. The Debtors must tender the final payment at which time the Vendor must deliver legal title to the property. Delivery of title is more than just a mere formality; it is a statutory requirement. See O.R.C. § 5313.02(D). Under Ohio law, the failure of either the Debtors or the Vendor to perform the remaining obligations would result in a material breach. If the Debtors fail to make their payments, the Vendor has remedies for this breach. *See* O.R.C. §§ 5313.05–.08. If the Vendor fails to transfer title when promised, the Debtors may sue for specific performance. In addition to this analysis, the Court notes that the Ohio legislature has defined a land installment contract as an executory agreement. O.R.C. § 5313.01(A). In light of the above, the land installment contract involved here is an executory contract.

■ Having determined that the Contract is a executory, the Court must decide whether the land installment contract is assumable. The Debtors contend that the Trustee cannot assume the contract because the Contract is one for personal services. The Debtors argue that the terms of the Contract, itself, prevent assumption by the Trustee. Those terms are that

"[t]he vendee shall not sell, assign, or transfer this contract, nor shall the vendee sell or lease the premises purchased hereunder, before delivery of a deed to said vendee, without the written consent of the vendor and in event of any such attempted sale, assignment, transfer or lease without such written consent, the vendor shall have the right to declare this contract null and void."

Land Installment Contract ¶ 7. The Debtors rely on Section 365(c)(1) to buttress their position.

The Trustee argues that Section 365(c)(1) cannot shield the contract from assumption. The Trustee alternatively argues that Section 365(f) permits him to assume the contract.

A reading of the statute reflects that Section 365(c) is an exception to the general rule found in Section 365(f). Section 365(f) provides, in pertinent part, that "[e]xcept as provided in subsection (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease...." 11 U.S.C. § 365(f). Section 365(c)(1) provides that:

(c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c)(1). Consequently, a trustee may assume and then assign an executory contract despite applicable law to the contrary, *unless* Section 365(c) applies.

Section 365(c) does not apply. That Section incorporates the doctrine of non-dele-

gable duties. *In re Taylor Mfg., Co., Inc.*, 6 B.R. 370 (N.D.Ga.1980). Consequently, the Court disagrees with the position that a land installment contract is a personal services contract. Land installment contracts are contracts for the sale of real estate. They are not contracts "in which the [Debtors are] vested with discretion in accomplishing the assigned tasks because [their] skills, knowledge, experience and expertise are unique to the area and could not be duplicated by others similarly qualified." *Yellow Cab of Cleveland, Inc. v. Greater Cleveland Regional Transit Authority*, 72 Ohio App.3d 558, 595 N.E.2d 508 (1991). Since specific guidelines have been set for the execution of the Contract, any argument made that the Debtors in the case at bar have specialized skill, knowledge, experience or expertise in fulfilling the obligations of the land installment contract are quickly refuted. The Court recognizes that there are circumstances where a contract on its face does not appear to be one for personal services, and yet courts have refused to permit the Trustee to assume such contracts. These contracts include loan installment contracts wherein it would be against public policy to force a lending institution to make post-petition loans to a party of whom the financial condition has not been evaluated by the lending institution.

Since the exclusion in Section 365(c)(1) is operative only if Ohio law has provisions excusing assumption, and there are no such provisions applicable to this case, Section 365(f) applies. Under that Section, provisions in the contract expressly prohibiting any assignment thereof are invalidated with respect to assignments in Bankruptcy cases even though the provisions would be enforced under non-Bankruptcy law. Consequently, the Trustee can assign the contract once it is assumed despite the language of the contract delineated above.

The Debtors raise another issue: whether a provision in the contract prohibiting prepayment of the principle prevents assumption/assignment. The Court responds in the negative. In this particular case, the Court places little emphasis on such a provision. Assumption of the land installment contract will provide the vendor with the benefit of the bargain while benefiting the estate. Utilizing the business judgment rule, continued performance of the contract will result in greater recovery for the creditors. Additionally, continued performance increases the Debtors prospects for rehabilitation.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Therefore, it is

ORDERED that the Debtors' Motion to Reconsider the Court's Order Approving Trustee's Assumption of the Land Installment Contract be, and is hereby, DENIED.