OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellant, Hardrives Paving Construction, Inc., appeals the trial court's October 19, 1998 judgment entry.
On August 10, 1998, appellant filed a verified complaint against appellee, the Mecca Township Board of Trustees. The complaint sought injunctive relief, declaratory judgment, compensatory damages and punitive damages against appellee. On that same date, appellant moved for a temporary restraining order and applied for a preliminary injunction enjoining appellee from permitting work to commence. The trial court granted appellant's motion for a temporary restraining order. Thereafter, the trial court heard appellant's application for a preliminary injunction on August 21, September 8, and September 9, 1998.
The facts reveal that in July 1998, appellee solicited competitive bids for a project that was advertised in the local newspaper (the "Griffith Drive project"). Appellant, along with other bidders, timely submitted sealed bids in response to the advertisement. On August 3, 1998, the bids were opened and appellant bid $33,637 for the project. Gennaro Pavers, Inc. ("Gennaro") submitted the second lowest bid in the amount of $34,890. Appellee, which consisted of Darryl Black ("Black"), Blake Peterson ("Peterson"), and Michael Colello ("Colello"), awarded the job to Gennaro and a contract was executed.
At the hearing on the preliminary injunction, Black's testimony revealed that he was dissatisfied with appellant's work performance on a former job (the "Housel-Craft project"), which was to be done by June or July of 1996, but was actually completed in April 1997. Black indicated that appellees were still experiencing problems with that project. Black further asserted that in determining whom to award the Griffith Drive project to, his understanding of the lowest and best bid meant, "the lowest bid and the best performance that you have to judge with that. * * * And if you have a contractor that you have problems with or have had problems and they're not corrected, [one] would weigh that as far as applying it again to give you another job * * *."
Peterson testified that following a special meeting on April 8, 1998, he contacted appellant regarding the Housel-Craft project. He told appellant's agent that there were certain cracks that needed to be sealed. Appellant's agent led Peterson to believe that someone from the company would seal the cracks, yet the resealing was never done. However, Peterson indicated that had the sealing been done, it "may have made a difference in [his] opinion" as to who would be awarded the Griffith Drive project.
Colello revealed that he was disappointed with appellant's performance on the Housel-Craft project. He "felt that the way [appellant] conducted [itself] was inappropriate" as was the way it treated residents. Colello believed that appellant used improper equipment and caused unnecessary delays on the Housel-Craft project. He explained that he "* * * was unhappy with everything that had gone on, but the road was completed. [He] was unhappy with the way it got completed * * *." Based on this experience, Colello reasoned that it would have been difficult for him to award the Griffith Drive project to appellant.
The Trumbull County Engineer, John Latell ("Latell"), testified that he knew that a completion date had been set for the Housel-Craft project, but appellant went beyond the period of time.
On September 18, 1998, appellant submitted a "Brief in Lieu of Closing Argument," in which appellant moved for a preliminary injunction pursuant to Civ.R. 65. Appellee also filed a closing argument that moved for a dismissal and denial of appellant's motion for temporary restraining order and preliminary injunction. In a judgment entry dated October 19, 1998, the trial court denied appellant's request for injunctive relief.[1] Later that morning, appellant filed a response to appellee's closing arguments. Appellant timely appealed and now asserts the following as error:
 "[1.] The Trial Court erred to the prejudice of [appellant] by failing to render its decision to deny [appellant's] Application for Preliminary Injunction, in accordance with the law applicable to injunctive relief.
 "[2.] The Trial Court erred to the prejudice of [appellant] by incorrectly applying relevant law to the facts of the instant case.
 "[3.] The Trial Court erred to the prejudice of [appellant] by failing to address relevant facts in its determination of the merits of [appellant's] lawsuit.
 "[4.] The Trial Court erred to the prejudice of [appellant] by failing to consider relevant evidence in denying [appellant's] Application for Preliminary Injunction.
 "[5.] Pursuant to [Civ.R.] 65, the Trial Court erred to the prejudice of [appellant] in rendering a decision on the merits of this action."
Since appellant's first, second, third, and fourth assignments of error are interrelated, they will be addressed in a consolidated fashion. Initially, we note that in considering an application for injunctive relief, the following guidelines are appropriate
for a court to take into account: (1) the likelihood of the plaintiff's success on the merits; (2) whether there exists an adequate remedy at law; (3) whether the injunction would prevent irreparable harm; (4) a balancing of the potential injury to the defendant and the general public; and (5) whether the injunctive relief sought is for the purpose of maintaining the status quo pending a trial on the merits. Diamond Co. v. Gentry Acquisition Corp., Inc.
(1988), 48 Ohio Misc.2d 1, 2. Pursuant to Gentry, since Civ.R. 65 does not specifically set forth standards for the issuance of relief, the foregoing criteria are appropriate for a trial court to consider when making a determination on a request for injunctive relief. The guidelines are not mandatory, and thus, are not required to be taken into account.
Assuming arguendo, that the balancing test was mandatory, appellant has failed to meet all five standards. In the case at bar, the record is devoid of any evidence that appellant suffered any irreparable harm and/or injury thereby making it difficult for the trial court to consider that factor. Further, appellant has failed to demonstrate how it suffered or will in the future suffer irreparable harm. Hence, the trial court did not err in denying appellant's request for injunctive relief.
Additionally, R.C. 5575.02 requires that "[t]he contract shall be awarded to the lowest and best bidder * * *." However, the "lowest and best" bid does not necessarily mean the lowest dollar bid. See Cedar Bay Constr., Inc. v. Fremont (1990), 50 Ohio St.3d 19,21, quoting Altschul v. Springfield (1933) 48 Ohio App. 356,362. The decision whether to award a contract based on the lowest and best bid lies within the sound discretion of the contracting authority. Altschul, 48 Ohio App. at paragraph one of the syllabus. A decision will only be reversed when the evidence indicates that there has been an abuse of discretion. CampbellContracting Co. v. City of Ravenna (Dec. 9, 1994), 93-P-0044, unreported, at 7. The term "abuse of discretion" implies an unreasonable, arbitrary or unconscionable attitude. Dayton exrel. Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359.[2]
Furthermore, the Supreme Court of Ohio has held:
 "Generally, courts in this state should be reluctant to substitute their judgment for that of [government] officials in determining which party is the `lowest and best bidder.' `The rule is generally accepted that, in the absence of evidence to the contrary, public officers, administrative officers and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner. All legal intendments are in favor of the administrative action.'" Cedar Bay Constr., 50 Ohio St.3d at 21, quoting State ex rel. Shafer v. Ohio Turnpike Comm.
(1953), 159 Ohio St. 581, 590.
This court has stated, "* * * previous dealings may be considered in proper exercise of discretion. Altschul v. Springfield (1933), 48 Ohio App. 356. See, also, O'Rourke Constr. Co. v. CincinnatiMetro. Housing (July 7, 1982), Hamilton App. No. C-810791, unreported; Biondolillo Constr. Co., Inc. v.Independence (Feb. 4, 1982), Cuyahoga App. No. 44171, unreported." Campbell Contracting, supra, unreported, at 9-10.
In the case sub judice, the testimony of Black, Peterson and Colello revealed their disappointment with appellant on the Housel-Craft project. Further, Latell testified that he knew the Housel-Craft project was not completed on time. Therefore, utilizing the past performance and/or prior dealings was a "proper exercise of discretion," as this court stated in CampbellContracting.
Appellant also argues that appellee had a duty to investigate the past performance of the other bidders. R.C. 9.312(A) provides:
 "* * * The factors that the state agency or political subdivision shall consider in determining whether a bidder on the contract is responsible include the experience of the bidder, his financial condition, his conduct and performance on previous contracts, his facilities, his management skills, and his ability to execute the contract properly. * * *" (Emphasis added.)
Appellant has offered no proof that appellee was legally obligated to evaluate the past performance of its competitors. Additionally, pursuant to R.C. 9.312, we conclude that appellee properly considered appellant's past performance. Accordingly, this argument is not well-founded.
We also note that "to prevail on a complaint seeking injunctive relief with respect to the award of a public contract," the unsuccessful bidder "must prove by clear and convincing evidence that the award constituted an abuse of discretion and resulted in some tangible harm to the public in general," or to the bidder.Cleveland Constr., Inc. v. Ohio Dept. of Adm. Serv., Gen.Services Adm. (1997), 121 Ohio App.3d 372, 384; see, also, Smith Johnson Constr. Co. v. Ohio Dept. of Transp. (June 30, 1998), Franklin App. No. 97APE10-1401, unreported, at 2, 1998 WL 353875. Moreover, "[i]njunctive relief should not ordinarily be granted unless irreparable injury will result." Hardrives Paving Constr., Inc. v. Niles (1994), 99 Ohio App.3d 243, 247.
As previously stated, appellee had discretion to award the contract, and that decision should not be altered unless there is an abuse of discretion. Clearly, had appellee used unannounced criteria to determine who to award the job, as did the government body in Scandrick, then the trial court would have abused its discretion in awarding the contract to Gennaro. However, in the case at bar, Black, Peterson, and Colello determined that the services proposed by Gennaro in its bid were the best, and hence, granted the contract to Gennaro based upon this finding. Thus, we conclude that appellee did not abuse its discretion when it awarded the contract to Gennaro.
Appellant asserts that the trial court erred in failing to consider the videotape from the April 8, 1998 special meeting of appellee. It is well-settled law that in a civil case, the weight to be afforded the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967),10 Ohio St.2d 230, 231. Hence, the trial court was in the best position to decide the weight and credibility to be given to the evidence and the witnesses. For the foregoing reasons, appellant's first, second, third, and fourth assignments of error are not well-taken.
In its fifth assignment of error, appellant claims that the trial court erred in making a decision on the merits of this action pursuant to Civ.R. 65(B)(2), which states:
 "(2) * * * Before or after commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. * * *" (Emphasis added.)
Civ.R. 65(B)(2) requires that a court order the consolidation of a hearing on the application for a preliminary injunction with a trial on the merits, thus providing the parties with notice that the case is, in fact, being heard on the merits. Turoff v. Stefanac
(1984), 16 Ohio App.3d 227, 228. Yet, while Ohio Courts agree that a plaintiff is generally entitled to a full trial on the merits, it is clear that a court may dismiss a complaint where it finds that a plaintiff has failed to state a claim upon which relief can be granted and that plaintiff cannot state such a claim. George P.Ballas Buick-GMC, Inc. v. Taylor Buick, Inc. (1981),5 Ohio Misc.2d 16, 19; see, also, Standard Oil Co. ofTexas v. Lopeno Gas Co. (C.A.5, 1957), 240 F.2d 504,510.
In the case at hand, appellant was present and participated in the hearings that occurred on August 21, September 8 and September 21, 1998. Appellant's objective was to obtain a permanent injunction. Appellant cannot now claim that there was no trial on the merits when it never objected nor approached the subject of consolidating the hearings. Furthermore, any alleged error was harmless and did not prejudice appellant in any way. Appellant's fifth assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Trumbull County Court of Common Pleas is affirmed. __________________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
NADER, P.J., O'NEILL, J., concur.
[1] We note that appellant did not obtain a stay from the trial court's decision. Additionally, the Griffith Drive project was completed between the time that the trial court denied appellant's request for injunctive relief on October 19, 1998 and the pronouncement rendered by this court today. Thus, this appeal has been mooted by the passage of time. Nevertheless, we are of the view that public policy considerations require an opinion by our case in this matter.
[2] In its brief, appellant relies onScandrick. In that case, the trial court affirmed an injunction prohibiting the city from entering into a contract awarded to the second lowest bidder because the award was made based on the use of an unannounced residency criterion. The basis of that decision was that the emphasis placed on residency was so arbitrary that it amounted to an abuse of discretion. However, Scandrick is distinguishable from the instant appeal based on the facts.