OPINION
Defendant-appellee, the Village of Middlefield ("Middlefield"), received seven bids in response to its invitation to bid on the Oakdale Area storm sewer improvements project. On October 16, 1997, Middlefield opened the following sealed bids: (1) Lofaro Concrete $273,168.50; (2) Gemini Contractors $277,828.25; (3) CIR, Inc. $281,833.10; (4) Easton Leasing $283,002.50; (5) Noce Enterprises $287,844; (6) Monte Construction $297,556; and, (7) Clemson Excavating $310,156.75. These bids were presented to the Middlefield Village Council at its regular meeting, on October 16, 1997.
The minutes of this meeting reflect that the village engineer, Mr. Hoops, was: unsuccessful in attempting to contact appellant's references; unfamiliar with the appellant's work; concerned because the project required working close to gas, water, and sewer lines; familiar with the Gemini Contractors ("Gemini"); and, recommended that Middlefield select Gemini as its "lowest and best bidder." That same day, Middlefield enacted Ordinance No. 97-148(A), accepting Gemini as its "lowest and best bidder."
On February 17, 2000, appellee, Middlefield, filed a motion for summary judgment alleging that: Middlefield did not abuse its discretion when it determined Gemini to be the lowest and best bidder; Ohio law does not permit a claim for monetary damages by an unsuccessful bidder on a public contract; and, that Middlefield has immunity for claims arising out of its legislative and discretionary decision-making actions. Appellant filed a memorandum in opposition and appellee filed a reply brief. On April 20, 2000, the trial court granted appellee's motion for summary judgment. From this judgment, appellant assigns the following error:
 "[1.] The trial court erred in granting summary judgment against plaintiff."
 In appellant's sole assignment of error, he only argues that a genuine issue of material fact existed as to whether appellee abused its discretion in awarding the bid contract to the second lowest bidder, since, absent a finding of an abuse of discretion, the issues of damages and governmental immunity are moot. In support of his argument, appellant contends that abuse of discretion always constitutes a material issue of fact and points to Campbell Contracting Co. v. City of Ravenna (Dec. 9, 1994), Portage App. No. 93-P-0044, unreported, in which the issue of whether a political subdivision abused its discretion was presented at trial. While the court in Campbell heard the issue of whether an abuse of discretion occurred, this does not establish that every issue of abuse of discretion must overcome a motion for summary judgment and proceed to trial. Additionally, appellant contends that neither Mr. Hoops or C.T. Consultants, Inc., the project engineer, contacted any of appellant's references; thus, abusing its discretion. Appellant supports this contention with the affidavit of John R. Clark ("Clark"), an employee of Joe Lofaro Concrete. In his affidavit, Clark states that Allen Pennington ("Pennington"), of C.T. Consultants, Inc., contacted him and requested additional references. After Gemini was awarded the contract, Clark called Pennington and was advised that none of the references were checked. Clark further states that he contacted the references supplied to C.T. Consultants and they confirmed that they were not contacted regarding appellant's qualifications. In response, appellee argues that: absent abuse of discretion, appellee's determination is not subject to challenge; money damages for lost profits is not an available remedy in this case; and, appellee is entitled to immunity, pursuant to R.C. Chapter 2744. In support of its argument that it did not abuse its discretion, appellee argues that the minutes reflect that Mr. Hoops did contact some of appellant's references, however they were unable to speak of Lofaro's experience with storm sewer work.
"Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try." Norris v. OhioStd. Oil Co (1982), 70 Ohio St.2d 1, 2. Summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Pursuant to Civ.R. 56(C), "summary judgment is proper when (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Indus., Inc. v. Applied Cos. (1983),67 Ohio St.3d 344, 346 (citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
A party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Once the moving party has satisfied this burden, a reciprocal burden arises, pursuant to Civ.R. 56(E), for the non-moving party to set forth specific facts showing that there is a genuine issue for litigation. Id.
On appeal, this court must conduct a de novo review of the grant or denial of summary judgment. Tackas-Davis v. Concorde Castings (Dec. 15, 2000), Lake App. No. 99-L-035, unreported at 13, (citing Lorain Nat'lBank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129). In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. Morris v. Ohio Cas.Ins. Co. (1988), 35 Ohio St.3d 45, 47.
In the case sub judice, in order to determine whether summary judgment is proper, we must examine Ohio's competitive bidding statute and case law, to determine if the issue of whether a village abused its discretion in determining the "lowest and best bidder," constitutes a genuine issue of material fact. R.C. 731.14, which governs the award of contracts by legislative authority of a village, provides in pertinent part that: "when any expenditure, other than the compensation of persons employed therein, exceeds fifteen thousand dollars, such contracts shall be in writing and made with the lowest and best bidder after advertising for not less than two nor more than four consecutive weeks in a newspaper of general circulation within the village." R.C. 731.14. (Emphasis added.) The Supreme Court of Ohio interpreted the phrase "lowest and best bidder," as used in Ohio's competitive bidding legislation: "Generally, courts in this state should be reluctant to substitute their judgment for that of city officials in determining which party is the "lowest and best bidder." Cedar Bay Constr., Inc. v. Fremont, (1990), 50 Ohio St.3d 19,21. "The rule is generally accepted that, in the absence of evidence to the contrary, public officers, administrative officers and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner. All legal intendments are in favor of the administrative action." See e.g., State, ex rel.Shafer v. Ohio Turnpike Comm.(1953), 159 Ohio St. 581, 590. Thus, a public agency is vested with wide discretion to determine the lowest and best bidder, absent a clear abuse of discretion. Cedar Bay Constr.,50 Ohio St.3d at 21. An abuse of discretion is "more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude * * *." Id. at 22.
Under the facts of the instant case, the issue is whether appellee abused its discretion in selecting Gemini as its "lowest and best bid" on the project, despite appellant submitting the lowest bid. When a statute mandates the acceptance of the lowest and best bid, this decision is not limited to an acceptance of merely the lowest dollar bid. Id. at 21 (citing Atschul v. Springfield (1933), 49 Ohio App. 356, 193 N.E. 788). Further, the statutory amendment from "lowest bid" to "lowest and best bid," "clearly indicates that the Legislature recognized that an element other than the mere low dollar bid often enters into the letting of a contract." Id.
While the facts indicate that appellant was the lowest bidder, appellant has failed to demonstrate that appellee abused its discretion in determining that appellant was not the "lowest and best" bidder. The difference in appellant's and Gemini's bid was approximately 1.6% of the cost of the total sewer project. Appellant does not offer any evidence that appellee's decision was unreasonable, arbitrary or made with an unconscionable attitude. In appellant's brief in opposition to summary judgment he stated that: appellee abused its discretion by failing to check Lofaro's references; Hoops influenced appellee to award the bid contract to Gemini; and, "Lofaro is certified to do O.D.O.T. work of the same nature as the Defendant's sewer project." However, the record reflects that appellee, at its October 16, 1997 council meeting, discussed the bids and qualifications of the two lowest bidders. Specifically, the minutes of the regular council meeting reveal that:
 "Eng. Hoops attempted to contact the references who indicated that Lofaro was more experienced with street paving projects but were unable to speak to Lofaro's experience with storm sewer work. Hoops was concerned with working close to the gas, water, and sewer lines, some of which have asbestos coating and emphasized that the village needs an experienced company for the project.
 "Hoops had no prior knowledge of Lofaro Concrete and the documents Lofaro submitted failed to demonstrate that Lofaro had the necessary experience or qualifications. He is familiar with the Gemini Contractor, the second lowest bidder for this project and sewer construction is their business. * * *"
 Having examined the evidence, in a light most favorable to appellant, we find that reasonable minds could come to only one conclusion, adverse to appellant. Appellant presented no evidence which demonstrates an abuse of discretion on the part of the appellee. Pursuant to Civ.R. 56(E), "[s]upporting affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible into evidence, and shall show affirmatively that the affiant is competent to testify to the matters as stated in the affidavit." The only affidavit submitted by appellant contains hearsay and is not based on personal knowledge. Thus, appellant's motion for summary judgment cannot be supported by Clark's affidavit, "since it relies on inadmissible hearsay which cannot justify a summary judgment. Civ.R. 56(E)." Bernardo v. Anello (1988), 61 Ohio App.3d 453, 457, citing Penwell v. Taft Broadcasting Co. (1984), 13 Ohio App.3d 382, 386. Further, even if appellee did not contact the additional references submitted by appellant, that decision was within the discretion granted by R.C. 731.14. The village's decision was neither unreasonable nor arbitrary. Thus, appellant's sole assignment of
error lacks merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 ______________________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., CHRISTLEY, J., concur.