TUROFF, APPELLANT, *v.* STEFANAC ET AL., APPELLEES.

(No. 47548 — Decided
May 28, 1984.)

*Mr. Robert S. Turoff,* for appellant.
*Mr. John Kealy,* for appellees.

CORRIGAN, P. J. On August 2, 1982, Jack N. Turoff, the appellant in the instant appeal, filed a complaint against appellees Drago and J. E. Stefanac to enjoin their alleged interference with a prescriptive easement he claimed he had over their property. The complaint also sought compensatory damages of $1,000, punitive damages of $100,000, and attorney fees. Coupled with appellant's complaint was a motion for a temporary restraining order preventing appellees from blocking the property.

Appellees filed an answer in which they denied the allegations in appellant's complaint. They also filed a counterclaim for $10,000 due to appellant's alleged interference with their property and a motion for a preliminary injunction seeking to enjoin that interference.

On October 12 and 19, 1982, a hearing was held on appellant's motion for a temporary restraining order. Both parties were present and testimony was heard. At the conclusion of the hearing, the court ruled that the property in question was not to be blocked until a "determination" was reached.

On November 18, 1982, the court entered judgment in favor of appellees and awarded them $1,000 in damages. On May 16, 1983, the court issued its findings of fact and conclusions of law. On September 2, 1983, the judgment entry was journalized.

In this timely appeal, appellant presents a single assignment of error for our review:

"The trial court erred in entering a final judgment where the sole purpose of the hearing was to determine whether a temporary restraining order should be issued and both parties responded in the negative when the court inquired into the propriety of entering a final judgment."

I

The trial court consolidated the hearing on the motion for a temporary restraining order with a trial on the merits and entered judgment accordingly. Civ. R. 65(B)(2), which closely parallels Fed. R. Civ. P. 65(a)(2), states that a hearing on an application for a *preliminary injunction* may be consolidated with a trial on the merits. Civ. R. 65 does not state that a temporary restraining order hearing may also be consolidated with a trial on the merits.

The purpose of limiting the duration of a temporary restraining order to fourteen days in Ohio cases and only ten days in federal cases is that such orders are usually sought *ex parte.* The party seeking the restraining order accepts the brief duration of the order in return for the right to be heard on the application for the order without opposition from the adverse party. However, in cases such as the one *sub judice,* when both parties had notice of, were present at, and participated in the hearing, the court may treat the application as one for a preliminary injunction. *Levas & Levas* v. *Village of Antioch* (C.A. 7, 1982), 684 F. 2d 446; *MLZ, Inc.* v. *Fourco Glass Co.* (E.D. Tenn. 1978), 470 F. Supp. 273.

Civ. R. 65(B)(2) and Fed. R. Civ. P. 65(a)(2) require that a court *order* the consolidation of a hearing on the application for a preliminary injunction with a trial on the merits, thus providing the parties with notice that the case is, in fact, being heard on the merits. As stated by the United States Supreme Court in *Univ. of Texas* v. *Camenisch* (1981), 451 U.S. 390, 395:

"Should an expedited decision on the merits be appropriate, Rule 65(a)(2)

of the Federal Rules of Civil Procedure provides a means of securing one. That Rule permits a court to 'order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.' Before such an order may issue, however, the courts have commonly required that 'the parties should normally receive clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.' *Pughsley* v. *3750 Lake Shore Drive Cooperative Bldg.,* 463 F. 2d 1055, 1057 (C.A. 7 1972); *Nationwide Amusements, Inc.* v. *Nattin,* 452 F. 2d 651 (C.A. 4 1971). * * *''

See, also, *Wohlfahrt* v. *Memorial Medical Center* (C.A. 5, 1981), 658 F. 2d 416, and this court's decision in *Ohio Assn. of Public School Employees* v. *Mayfield City School Dist. Bd. of Edn.* (June 23, 1983), Cuyahoga App. Nos. 44932 and 45118, unreported.

The trial court clearly stated that the case was being heard on a motion for a temporary restraining order. There is no indication that either party knew that the case was being heard on the merits. This lack of notice undoubtedly prejudiced the rights of appellant by preventing him from thoroughly preparing his case for trial. Under these circumstances, we have no choice but to remand this action for a new trial on the merits. Accordingly, appellant's assignment of error is well-taken.

## II

The judgment of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

PARRINO and McMANAMON, JJ., concur.