OPINION
This is an appeal by defendants, Community Housing Network, Inc., Friends of the Homeless, Inc., and James and JoEllen Duckworth, from a judgment of the Franklin County Municipal Court, Environmental Division, granting plaintiff permanent injunctive relief. Plaintiff, city of Bexley, has filed a cross-appeal.
Defendants James and JoEllen Duckworth are the owners of certain property located at 540 North Cassady Avenue, Bexley. The property consists of a parcel of land on which a three-level, twelve-unit apartment building was constructed in 1962. In 1972, the city of Bexley rezoned the area where the property is located under the designation "R-12," a "Low Density Multifamily District." Pursuant to Section 1252.03(e) of the Codified Ordinances of Bexley ("Bexley Zoning Code"), such property is limited to multifamily dwellings not to exceed four dwelling units per structure.
On February 19, 1999, plaintiff filed a complaint against defendants Community Housing Network, Inc. ("Community Housing"), Friends of the Homeless, Inc. ("Friends of the Homeless") and James and JoEllen Duckworth. The complaint alleged that, after the property was initially zoned R-12, the use of the property for more than four dwelling units no longer complied with the Bexley Zoning Code; however, such use was permitted to continue as a nonconforming use, subject to Chapter 1264 of the Bexley Zoning Code. Plaintiff's complaint alleged that the "nonconforming use of the Property as more than 4 dwelling units was discontinued for a period of time exceeding 6 months, and ceased to constitute a nonconforming use prior to the events giving rise to this action."
The complaint further alleged that, by letter dated January 20, 1999, plaintiff advised defendants that the proposed use was no longer permitted and that a variance would be required from Bexley City Council. It was averred that, after receiving the letter, defendants commenced using the property for more than four dwelling units in violation of the Bexley Zoning Code and the Bexley Building Code. Plaintiff also alleged that defendants have not applied for, nor been granted, a use variance by the Bexley City Council. Finally, plaintiff alleged that, at some time after the nonconforming use had been discontinued for more than six months, defendants began to repair, remodel, renovate and/or change the structure located on the property, but at no time did defendants obtain building permits or inspections as required by the Bexley Building Code.
In its complaint, plaintiff sought a preliminary and permanent injunction against defendants, as well as the imposition of fines. On March 4, 1999, defendants filed a motion to dismiss, asserting in part that the court lacked jurisdiction to adjudicate disputes over the State Building Code. Plaintiff subsequently filed a memorandum contra defendants' motion to dismiss.
On March 5, 1999, the matter came for hearing before the trial court on plaintiff's motion for preliminary injunction. On March 8, 1999, plaintiff filed a motion "for consolidation of preliminary injunction hearing with trial on the merits."
On March 11, 1999, the trial court issued an order entitled "Permanent Injunction," in which the trial court granted plaintiff's motion to consolidate and further granted plaintiff's motion for permanent injunctive relief. More specifically, the trial court initially held that, despite evidence that the subject property had less then five units occupied for a period exceeding six months, the property had not lost its nonconforming use exemption where, at all times, at least one unit was occupied.
However, the trial court made further findings that, in January 1999, the owners began to use one unit as an office and six other units as a men-only venue for receiving services provided by Friends of the Homeless. The court held that the use of one unit as an office was neither a "permitted use" nor a "conditional use" under Bexley Zoning Code Section 1252.03(e). The court also held that the use of the resident-occupied units in coordination with the delivery of services constituted a "quasipublic use," as defined in Bexley Zoning Code Section 1268.29, and therefore was a "conditional use" under Bexley Zoning Code Section 1252.03(e). The court concluded that, "[i]f the property is to be conditionally used as it has been used since January 1999, the Court rules as a matter of law that such use may only continue if granted a conditional use variance by Bexley." Accordingly, the court ordered that "defendants are permanently enjoined from using the property in the manner that it is now being used, and within thirty days after the journalization of this entry must cease the conditional uses to which the property has been put since January 1999, unless before the conclusion of thirty days defendants have obtained a conditional use permit from the plaintiff."
On March 16, 1999, defendants filed a motion for clarification. Defendants also filed with the trial court a "motion for reconsideration" and a request for an evidentiary hearing. Plaintiff subsequently issued a memorandum in opposition to defendants' request for clarification and a memorandum in opposition to defendants' motion for reconsideration and request for evidentiary hearing. On March 25, 1999, defendants filed an answer to plaintiff's complaint.
On April 1, 1999, the trial court issued a nunc pro tunc
entry, in which the court denied defendants' March 4, 1999 motion to dismiss and defendants' motion for reconsideration. The trial court's entry also contained "no just reason for delay" language. Finally, the court's nunc pro tunc entry deleted the last two paragraphs of the March 11 order and substituted three new paragraphs, including the following:
 IT IS ORDERED AND ADJUDGED that defendants are permanently enjoined from using the property in the manner that it has been used from January 1999 through March 5, 1999, and within thirty days after the journalization of this entry must cease such use, unless before the conclusion of thirty days defendants have obtained from plaintiff a conditional use permit for such January 1999 to March 5, 1999 use.
On April 12, 1999, defendants filed a notice of appeal from the trial court's April 1, 1999 nunc pro tunc entry. Defendants also filed a motion for stay pending appeal. Plaintiff subsequently filed a memorandum in opposition to defendants' motion for stay. By entry filed April 20, 1999, the trial court denied defendants' motion for stay pending appeal. On April 30, 1999, plaintiff filed a notice of cross-appeal from the trial court's "Conclusion No. 3 set forth in the Permanent Injunction" filed on March 11, 1999, and from the trial court's April 1, 1999nunc pro tunc entry.
By journal entry filed May 9, 1999, this court granted defendants' motion for stay of execution of the trial court's judgment pending appeal. This court's entry provided in part: "As a condition of this stay, and in lieu of bond, appellants shall lease or rent units in the premises exclusively for residential use and for no other purposes."
Defendants have filed separate briefs on appeal. Defendant Community Housing sets forth the following five assignments of error for review:
ASSIGNMENT OF ERROR NO. 1
 The trial court erred by scheduling the final trial on the merits on plaintiff's claim for a permanent injunction only fourteen days after the complaint was filed and only five days after service of process was first obtained on any of the defendants, said trial being scheduled pursuant to a notice of hearing obtained from the court by plaintiff on an ex parte
basis.
ASSIGNMENT OF ERROR NO. 2
 The trial court erred by consolidating the final trial on the merits on plaintiff's claim for a permanent injunction with the hearing on plaintiff's application for a preliminary injunction, particularly in light of the fact that the trial court ruled at the beginning of the preliminary injunction hearing that the trial on the merits and the preliminary injunction hearing would not be consolidated.
ASSIGNMENT OF ERROR NO. 3
 The trial court erred by granting a permanent injunction in favor of plaintiff on a claim that was not pleaded in the complaint and that was not tried with either the express or implied consent of defendants.
ASSIGNMENT OF ERROR NO. 4
 The trial court erred by issuing a so-called nunc pro tunc
entry that neither corrected any error in the earlier judgment nor placed upon the record that which had actually happened previously.
ASSIGNMENT OF ERROR NO. 5
 The trial court erred as a matter of law by concluding that defendants' use of the premises subject of this action was a "quasipublic" use under the applicable zoning code, or, in the alternative, that conclusion was against the manifest weight of the evidence.
Defendant Friends of the Homeless asserts the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN THE PROCEDURES THAT WERE USED TO GRANT A PERMANENT INJUNCTION BASED ON A CLAIM THAT WAS NEITHER PLEADED IN THE COMPLAINT NOR TRIED WITH THE EXPRESS OR IMPLIED CONSENT OF THE DEFENDANTS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY GRANTING A PERMANENT INJUNCTION RULING THAT DEFENDANTS' USE OF PREMISES FOR RESIDENTIAL PURPOSES CONSTITUTES A "QUASI-PUBLIC" USE.
Defendants James and JoEllen Duckworth assert the following single assignment of error:
 The trial court correctly ruled as a matter of law that the Cassady property has not lost its nonconforming use exemption from the application of the City of Bexley zoning law regulating the use of property in the Bexley R-12 zoning district.
Finally, plaintiff sets forth the following "argument," which we construe as an assignment of error, in support of its cross-appeal:
 THE TRIAL COURT SHOULD BE REVERSED BECAUSE A NONCONFORMING 12 UNIT APARTMENT BUILDING WHICH THE OWNERS KNOWLINGLY PERMIT TO DECAY AND DETERIORATE TO THE POINT WHERE 9 OF THE 12 UNITS ARE NOT HABITABLE FOR A PERIOD OF MORE THAN SIX (6) MONTHS CONSTITUTES A VOLUNTARY DISCONTINUATION OF THE NONCONFORMING USE IN ACCORDANCE WITH R.C. 713.15 AND B.C.O. 1264.04(d).
The first, second and third assignments of error of defendant Community Housing, and the first assignment of error of defendant Friends of the Homeless, all raise challenges to the trial court's granting of permanent injunctive relief. For purposes of discussion, these assignments of error will be addressed together.
The primary issue presented under these assignments of error is whether the trial court erred in the manner in which it consolidated the hearing on preliminary injunction with a trial on the merits.
In general, injunctions are separated into three categories: (1) temporary restraining orders, which may be issued ex parte
without notice in an emergency situation "to last only long enough for a hearing"; (2) preliminary injunctions, issued "with notice and hearing to maintain the status quo until there can be a fair trial on the merits"; and (3) permanent injunctions, "issued after a trial on the merits." McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 403, § 14.08.
Civ.R. 65 addresses matters pertaining to the issuance of temporary restraining orders, preliminary injunctions and final injunctions. Civ.R. 65(B) states:
 (1) Notice. No preliminary injunction shall be issued without reasonable notice to the adverse party. The application for preliminary injunction may be included in the complaint or may be made by motion.
 (2) Consolidation of hearing with trial on merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (B)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.
The United States Supreme Court has noted that "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Texas v. Camenisch (1981), 101 S.Ct. 1830,1834. Given this limited purpose, a preliminary injunction is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits," and thus a party "is not required to prove his case in full at a preliminary-injunction hearing." Id. Further, "Civ.R. 65(B)(2) * * * require[s] that a court order the consolidation of a hearing on the application for a preliminary injunction with a trial on the merits, thus providing the parties with notice that the case is, in fact, being heard on the merits." Turoff v.Stefanac (1984), 16 Ohio App.3d 227, 228.
Defendants contend that they were prejudiced by the manner in which the trial court consolidated the preliminary injunction hearing with a trial on the merits. Upon review of the record, we agree.
As previously noted, plaintiff's complaint was filed on February 19, 1999, and included an application for preliminary and permanent injunction, and also requested a preliminary injunction hearing. On that same date, a notice of hearing was filed regarding "Plaintiff's Motion for Preliminary and Permanent Injunction," in which a hearing was scheduled for March 5, 1999. A scheduling entry was filed on February 25, 1999, indicating that an "off-the-record status conference" took place that day, in which attorneys for plaintiff and the defendants were present. The entry states that "[a]greements among the parties were established relative to inspection and discovery issues," and that "[n]o evidence was taken and no orders were issued." The entry further states that the matter was still scheduled for a March 5, 1999 "hearing on plaintiff's request for injunctive relief."
The record indicates that, at the March 5 hearing, counsel for plaintiff stated at the outset that the parties had agreed to limit testimony to the issue of "nonconforming use." (Tr. 6.) Counsel for plaintiff then requested that, pursuant to Civ.R. 65, "this preliminary injunction hearing be converted into a permanent injunction hearing." (Tr. 6.)
Counsel for defendants objected in part on the grounds that defendants had not yet filed an answer, and because "[o]ne of our defendants was just served this past Monday." (Tr. 6.) Counsel for defendants also indicated that, "[w]e were advised an hour and twenty minutes before this hearing that plaintiffs intend to call an additional witness who we have never had the opportunity to talk to, know about, or anything." (Tr. 7.)
After considering the arguments by the parties, the trial judge stated, "I will deny your motion to consolidate. We'll proceed on the preliminary." (Tr. 8.) The parties then agreed that the issue before the court on the hearing for preliminary injunction "is whether or not * * * [the subject property] continues to be a legal nonconforming use or whether its use has been * * * discontinued for a period of six months or greater, such that nonconforming use would have expired as a matter of law." (Tr. 10.)
During the hearing, plaintiff called Jack DeBarr as a witness. Counsel for defendants objected on the basis that "[t]his witness was only disclosed to us a very short time ago, and due to the nature of the short time, defendants have not had any time to prepare for this witness." (Tr. 35.) In response, plaintiff's counsel argued that the court should liberally allow the testimony because "this is a preliminary injunction hearing," counsel further noting that the trial court had previously "denied my motion to consolidate this preliminary hearing with the permanent injunction hearing." (Tr. 36.) The trial court then overruled defendants' motion to bar the testimony of plaintiff's witness on the basis that "[t]his is not a hearing for the permanent injunction." (Tr. 36.)
The record further indicates that, following the presentation of witnesses, the trial judge noted that it was his impression that the focus of plaintiff's argument regarding nonconforming use involved a consideration of Bexley City Code Section 1264.04(D). Counsel for plaintiff responded, "[t]hat is the focus in part, Your Honor. There is also the issue of the office use, which is a nonpermitted use, which would also effectively terminate the nonconforming status." (Tr. 128.) Counsel for plaintiff clarified that, "our position is that an office is a nonpermitted use, in that a variance would be needed in R-12 classification. So as an alternative theory, they need a variance either way." (Tr. 128.)
In response, counsel for defendants stated, "this is the first time we heard the argument about the office use. There may well be. We have just not looked at the code, and I believe we will have to look at the uses." (Tr. 129.)
As previously noted under the facts, three days after the March 5 hearing, plaintiff filed a motion for consolidation of the preliminary injunction hearing with a trial on the merits. The trial court then issued an order on March 11, 1999, granting plaintiff permanent injunctive relief. In its March 11 order, the court acknowledged its prior ruling during the March 5 hearing that the matter before it was "a consideration of whether to grant plaintiff's request for preliminary injunctive relief." The court further held, however, that it "now believes it erred in sustaining defendants' objection, and hereby grants plaintiff's March 8, 1999 motion to consolidate."
Upon review, the record supports the defendants' contention that neither the parties nor the trial court treated the hearing conducted on March 5 as a trial on the merits. As noted above, at the outset of the hearing the trial court specifically denied plaintiff's motion to "convert" the preliminary injunction hearing into a permanent injunction hearing. Defendants contend that they would have presented other direct evidence and conducted more extensive cross-examination had they been aware that the case was being tried on the merits. In this regard, the record indicates that during the hearing, which was conducted approximately two weeks after the complaint was filed, defendants argued before the trial court that they were unprepared to cross-examine one of plaintiff's witnesses. Defendants represented to the court that they had just learned that day that the witness was going to testify. In response, plaintiff argued that the witness should be permitted to testify because the hearing only involved the issue of a preliminary injunction. The trial court found persuasive plaintiff's argument and allowed the witness to testify, despite the lack of advance notice to defendants, because of the limited nature of the proceeding,i.e., that this was a preliminary injunction hearing and not a trial on the merits.
Based upon the record of proceedings, we conclude that defendants failed to receive proper notice of consolidation and were denied the "full opportunity" to develop their arguments and present their case. Woe v. Cuomo (C.A.2 1986), 801 F.2d 627, 629. See, also, Warren Plaza Co. v. Giant Eagle, Inc. (June 15, 1990), Trumbull App. No. 88-T-4122, unreported (where trial court stated on the record that hearing was on motion for a preliminary injunction and parties were not aware case was being heard on the merits until court revealed this in judgment entry, appellants lacked opportunity to conduct discovery or prepare for trial on merits and were thus prejudiced by the lack of notice).
Here, the trial court's judgment on the merits was issued approximately three weeks after the complaint was filed. The parties presented evidence at the March 5 hearing under the belief that the proceeding was not a trial on the merits, and the trial court provided no notice, prior to issuing its March 11 order granting a permanent injunction, that it would rule on the merits. As stated by the court in Turoff, supra, while a trial court may order the consolidation of a hearing for preliminary injunction with a trial on the merits, the court must furnish the parties "notice that the case is, in fact, being heard on the merits." Id. at 228. See, also, Paris v. United States Dept. ofHousing Urban Dev. (C.A., 1983), 713 F.2d 1341, 1345, quotingPughsley v. 3750 Lake Shore Drive Cooperative Bldg. (C.A.7, 1972), 463 F.2d 1055, 1057 ("if consolidation is to be ordered, the parties should be given `clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases'"). Further, plaintiff's post-hearing motion (filed on March 8) for consolidation of the preliminary injunction hearing with trial on the merits does not constitute "timely, `clear and unambiguous notice.'" Woe, supra, at 629, citingPughsley, supra.
We further note that the trial court's order granting permanent injunctive relief was not limited to the issue whether the property lost its nonconforming use exemption. Rather, the court also considered whether the use of one unit of the property as an office and the use of resident-occupied units in coordination with the delivery of services by Friends of the Homeless constituted a permitted or conditional use. As previously indicated under the facts, the court held that "[t]he use of the resident-occupied units in coordination with the delivery of services * * * is a `quasipublic use' as defined in B.C.O. section 1268.29, and therefore a `conditional use' under 1252.03(e)." However, as noted by defendants, the issue of "quasipublic use" was not raised in plaintiff's complaint, nor does the record indicate that the parties contemplated, at the outset of the March 5 hearing, that this issue was being tried. Nevertheless, the trial court's grant of permanent injunctive relief was based on its finding related to the issue of quasi-public use.
The Ohio Supreme Court has held that "cases are to be decided on the issues actually litigated at trial" and, although Civ.R. 15 allows for liberal amendment of the pleadings, the rule only applies when "the amendment would `conform to the evidence' and when the issue is tried by either the `express or implied consent of the parties.'" State ex rel. Evans v. Bainbridge Twp. Trustees
(1983), 5 Ohio St.3d 41, 44. In the instant case, the issue of "quasipublic use" appears to have been raised for the first time in plaintiff's post-hearing brief. We conclude that the record fails to indicate that the trial court afforded defendants the opportunity to properly defend against this claim which was not contemplated by the parties at the hearing nor tried with the express or implied consent of the parties.
Finally, as noted by defendants, the trial court's March 11 order granting a permanent injunction was issued prior to defendants' answer being filed. In Hershhorn v. Viereck (1985),27 Ohio App.3d 242, 243, this court held that "[e]ven where the sole, ultimate issue is entitlement to a permanent injunction, it is improper to enter judgment on the merits, immediately following a consolidated hearing if the time has not yet expired for the defendant to answer." Thus, we agree with defendants' contention that the trial court erred in entering judgment on the merits by granting plaintiff permanent injunctive relief prior to the expiration of the time permitted defendants to answer plaintiff's complaint.
Finding that defendants were prejudiced by the lack of opportunity to develop their case, we conclude that the trial court erred in consolidating the hearing on the preliminary injunction with a trial of the merits, and we vacate the judgment of the trial court and remand for a full hearing on the merits. We further note the following regarding the posture of this case on remand. Because a party is not required to prove its case in full at a preliminary injunction hearing, it has been held that "the findings of fact and conclusions of law made by the court at that hearing are not binding at the trial on the merits." Ladnerv. Plaza Del Prado Condominium Assoc. (1982), 423 So.2d 927, 929. In the instant case, there has not yet been a full hearing on the merits, and thus we do not view as conclusive any findings in the trial court's prior judgment purportedly going to the merits of this case. Accordingly, we do not reach plaintiff's contention, on cross-appeal, that the trial court erred in its ruling on the issue of nonconforming use, nor do we reach defendants' claims that the court erred in finding that defendants' use of the premises constituted a "quasipublic use." We specifically express no opinion on the merits.
Based upon the foregoing, the first, second and third assignments of error of defendant Community Housing, as well as the first assignment of error of defendant Friends of the Homeless, are sustained to the extent provided above. Further, the fourth and fifth assignments of error of defendant Community Housing, the second assignment of error of defendant Friends of the Homeless, and the single assignment of error of defendants James and JoEllen Duckworth are rendered moot. Also rendered moot is the single assignment of error on cross-appeal of plaintiff-cross-appellant, as well as defendant Community Housing's motion to dismiss plaintiff's cross-appeal. Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed, and cause remanded.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired, from the Tenth Appellate District assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.