DECISION AND JUDGMENT ENTRY
In this appeal from a judgment of the Lucas County Court of Common Pleas, we are asked to consider whether the trial court erred in determining that defendants-appellees, Lend-A-Paw Foundation of Greater Toledo ("Foundation") and Patti Rood, were entitled to the exclusive use of the trade name "Lend-A-Paw" and the trademark/service mark used in conjunction with that trade name. Appellant, Lend-A-Paw Feline Shelter, Inc. ("Shelter"), contends that the following errors occurred in the proceedings below:
 "The Trial Court Committed Reversible Error By Entering A Permanent Injunction Against Appellant Without Providing Notice of Same and Without Conducting a Hearing.
 "The Trial Court Committed Reversible Error In Summarily Rejecting Two of Appellant's Affirmative Defenses Without Conducting A Hearing On Appellees' Permanent Injunction Request.
 "The Trial Court Erred To The Prejudice Of The Appellant When It Ruled That The Mark Was `Suggestive' and That No Evidence of `Secondary Meaning' was required."
Because the trial court deprived the Shelter of a full and fair opportunity to present its case, we reverse the court's judgment.
In 1992, Patricia Rood founded a shelter for abandoned and stray cats and kittens, and, if possible, placed them in adoptive homes. In 1995, she named the business "Lend-A-Paw Feline Shelter." The Shelter was incorporated as a nonprofit organization in October 1996.
Patricia Rood served as the first president of the Shelter's board. She was also the party responsible for the day-to-day operations of the Shelter for the next two years. However, in December 1997, the board removed Rood from her position as president. In April 1998, Rood incorporated a second nonprofit business entity, namely, the Foundation. Initially, the sole purpose of the Foundation was to raise funds to benefit animal welfare organizations in the area of Toledo, Lucas County, Ohio. However, after she was removed from the Shelter's Board, also in April 1998, the Foundation also provided care and adoptive placement for unwanted cats and dogs.
It is undisputed that Rood created the name and logo for the Shelter and developed a mailing list that included contributors, persons who either adopted cats or brought cats in for adoption, and people who rescued cats. Eventually, about two thousand five hundred names were on the list.
On October 19, 1999, the Shelter filed a multi-claim complaint stating, among several other claims, a request for a permanent injunction enjoining the Foundation and Patti Rood from "using the name `Lend-A-Paw' in any manner in connection with any business and/or personal activity whatsoever." The Shelter also filed a motion requesting a temporary restraining order and a preliminary injunction ordering the Foundation and Patti Rood to refrain from using the trade name "Lend-A-Paw" and the trade-mark used by the Shelter. The Shelter's request for a preliminary injunction was based upon alleged violations of R.C. Chapter 4165, the Ohio Deceptive Trade Practices Act, and unfair competition.
The trial court granted the Shelter's motion as to the temporary restraining order. The Foundation and Patti Rood were enjoined from holding themselves out as having any affiliation with the Shelter and from using the mailing list compiled by Rood for the benefit of the Foundation. In addition, the defendants were ordered to identify, in all their dealings with the public, the Foundation as an entity distinct from the Shelter.
The common pleas court held a hearing on the Shelter's motion for a preliminary injunction in early November 1999. After this hearing, but prior to the court's decision on the Shelter's motion, the Foundation and Patti Rood filed an answer and a number of counterclaims. One of these counterclaims requested a permanent injunction enjoining the Shelter or its agents, employees, assigns or successors from using the "Lend-A-Paw" trade name or trademark/service mark in conjunction with any of the business conducted by the Shelter.
At the same time that Rood and the Foundation filed their answer and counterclaims, they also filed a motion for a preliminary injunction restraining the Shelter from using the "Lend-A-Paw" trade name or trademark/service mark. Appellees maintained that they were entitled to a preliminary injunction because the Shelter (1) violated R.C. Chapter 4165; (2) committed unauthorized use of a trademark/service mark under R.C. Chapter 1329; (3) engaged in unfair competition under the common law; (4) violated Section 1125(a), Title 15, U.S. Code (governing the false designation of origin); and, under the common law, committed trademark/service mark infringement. The Shelter later filed an answer to the counterclaim and a memorandum in opposition to the request for a preliminary injunction.
On March 1, 2000, the trial court filed an opinion and judgment entry in which it denied the Shelter's motion for a preliminary injunction and dissolved the temporary restraining order. The next document in the record is a judgment filed on January 29, 2001. In this judgment the trial court not only granted appellees' motion for a preliminary injunction, but also ruled in their favor on their counterclaim seeking a permanent injunction. The court ordered the Shelter "to cease and desist from using the trade name and trademark/service mark at issue in this case."
In its first assignment of error, the Shelter argues that the trial court erred by failing to follow the mandates of Civ.R. 65(B)(2).
Under Ohio law, injunctions are classified as (1) a temporary restraining order "`which may be issued ex parte without notice in an emergency situation'" and which lasts "`only long enough for a hearing;'" (2) a preliminary injunction which is issued after notice and, normally, a hearing, and is used only to maintain the status quo until such time that a fair trial on the merits is held; and (3) a permanent injunction which is issued after a fair trial on the merits. City of Bexley v.Duckworth (Mar. 7, 2000), Franklin App. No. 99AP-414, unreported, citing McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 403, Section 14.08.
Civ.R. 65 controls the procedure followed upon a claim for a temporary restraining order, a preliminary injunction and/or a permanent injunction. That rule states, in pertinent part:
"(B) Preliminary Injunction.
 "(1) NOTICE. No preliminary injunction shall be issued without reasonable notice to the adverse party. The application for preliminary injunction may be included in the complaint or may be made by motion.
 "(2) Consolidation of hearing with trial on the merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (B)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury."
Thus, the general rule is that a court must " order the consolidation of a hearing on the application for a preliminary injunction with a trial on the merits, thus providing the parties with notice that the case is, in fact, being heard on the merits." Turoff v. Stefanac (1984),16 Ohio App.3d 227, 228. See, also, City of Bexley v. Duckworth, supra. The parties should therefore receive clear, unambiguous notice of the consolidation prior to the hearing or at a time "which will afford the parties a full opportunity to present their respective cases." Univ. ofTexas v. Camenisch (1981), 451 U.S. 390, 395.
In the present case, the trial court relied on our decision in GeorgeB. Ballas Buick-GMC, Inc. v. Taylor Buick, Inc. (1982), 5 Ohio App.3d 71, to dispense with notice, a hearing on appellees' motion for a preliminary injunction and a trial of the merits on their counterclaim for a permanent injunction. The lower court found that the "holding of an evidentiary hearing would not disclose any additional relevant facts" and therefore rendered its decision based solely upon the facts adduced at the preliminary hearing on the Shelter's request for a preliminary injunction and the memoranda of the parties.
In George B. Ballas Buick-GMC, Inc. v. Taylor Buick, Inc.,5 Ohio App.3d at 74, this court found no error on the part of a trial court in disposing of a case on the merits after a hearing on a motion for a preliminary injunction. We concluded that where an extensive hearing on an application for a preliminary injunction "`does not reveal any conflict of material fact that justifies a full trial on the merits'" the request for a permanent injunction could be decided without consolidation of the hearings or notice thereof. Id., quoting 11 Wright and Miller, (1973) Federal Practice and Procedure 490, Section 2950. The present case provides this court with an opportunity to revisit this issue.
George B. Ballas Buick-GMC, Inc. was subsequently criticized by other Ohio courts because it effectively permits a court to grant, sua sponte, summary judgment without notice to the parties. Board of Educ. IrontonCity Schools v. Ohio Dep't of Educ. (June 29, 1993), Lawrence App. No. CA92-39, unreported; Grove v. City of Dayton (Feb. 6, 1987), Montgomery App. No. 10101, unreported, both quoting 11 Wright and Miller, Federal Practice and Procedure at 492-493, Section 2950. Additionally, these courts noted that because the facts offered at a hearing on a motion for a preliminary injunction are likely to be different than those focused upon at a trial on the merits, they may not be sufficient to determine whether there are no genuine issues of material fact. Id. See, also,Woe v. Cuomo (C.A.2, 1986), 801 F.2d 627, 629 (The giving of notice of consolidation of hearings pursuant to Civ.R. 65 "ensures both that a party may avail himself of every opportunity to present evidence pertinent to his position and that all genuine issues of fact are before the court."); T.M.T. Trailer Ferry, Inc. v. Union de Tronquistas de PuertoRico, Local 901 (C.A.1, 1971), 453 F.2d 1171, 1172 (Even though the record does not reveal that the party seeking the injunction could have produced more evidence if notified that the entire case would be disposed of at the hearing on application for a preliminary injunction, "this does not sanction the court in changing, sub silentio, the nature of the game at halftime.") We find the foregoing reasoning persuasive. Therefore, we are of the opinion that the relevant holding in George B. BallasBuick-GMC, Inc. should be limited to the facts of that case and, in any event, conclude that it does not apply under the circumstances of the case before us.
In the instant case, appellees set forth a separate, independent counterclaim seeking a permanent injunction and a separate, independent motion for a preliminary injunction. It is undisputed that the trial court never provided the Shelter with reasonable notice of the grant of the motion for a preliminary injunction as required by Civ.R. 65(B)(2). Further, the court never held a hearing, extensive or otherwise, on appellees' separate, independent motion for a preliminary injunction. The common pleas court could not, therefore, rely on George B. BallasBuick-GMC, Inc., to "consolidate" the hearing held on the Shelter's,i.e., appellant's, application for a preliminary injunction with a trial on the merits of appellees' counterclaim for a permanent injunction. In short, the Shelter was deprived of a full and fair opportunity to present its case. For this reason, the Shelter's first assignment of error is found well-taken.
Due to our disposition of the Shelter's first assignment of error, we need not reach the merits of its second and third assignments of error, and the same are, hereby, found moot. The judgment of the Lucas County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. Appellees are ordered to pay the costs of this appeal in equal shares.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.