[Cite as *Ray v. Lake Royale Landowners Assn.*, 2024-Ohio-220.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| JORDAN RAY,<br><br>Plaintiff-Appellant,<br><br>- vs -<br><br>THE LAKE ROYALE<br>LANDOWNERS ASSOCIATION,<br><br>Defendant-Appellee. | CASE NO. 2023-P-0048<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2022 CV 00819 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: January 19, 2024
Judgment: Appeal dismissed

*Jordan Ray*, pro se, 1957 West Swan Lake Circle, Kent, OH 44420 (Plaintiff-Appellant).

*Craig G. Pelini*, and *Erin E. Kelly*, Pelini, Campbell & Richard, LLC, 8040 Cleveland Avenue, N.W., Suite 400, North Canton, OH 44720 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellant, Jordan Ray ("Ray"), appeals the trial court's entry adopting the decision of the magistrate which denied Ray's request for a preliminary injunction against appellee, The Lake Royale Landowners Association ("LRLA"). For the following reasons, we dismiss the appeal for lack of a final order.

{¶2} Due to the factual circumstances of this case, it is necessary to mention related case, Portage County Court of Common Pleas Case No. 2021CV00527 ("2021 Case"). In the 2021 Case, LRLA filed a complaint against Billy Dengler ("Dengler"), a

lakefront property owner on Lake Royale. Dengler is not a member of LRLA. LRLA sought damages and injunctive relief for the alleged trespass and creation of a nuisance by Dengler on a portion of Lake Royale. Mr. Dengler filed an answer denying that he had trespassed or created a nuisance and subsequently "filed a counterclaim for declaratory judgment alleging that he owns land 'into and beneath a portion of' Lake Royale.'" *Lake Royale Landowners Assn. v. Dengler*, 11th Dist. Portage No. 2022-P-0021, 2022-Ohio-2929, ¶ 5. Several other landowners owning property abutting Lake Royale filed requests to intervene, asserting that their property extends into the Lake. *Id.* at ¶ 7.[1] The parties were able to reach a settlement through mediation in the 2021 case but were unable to execute the agreement due to Ray's pending litigation against LRLA, the underlying case in this appeal. Ray has also filed an appeal from judgments in the 2021 case which is currently pending in this Court in Case No. 2023-P-0068.

{¶3} In November 2022, Ray filed a complaint against LRLA seeking a determination "that LRLA's Deed restrictions prohibit the transfer of the easements * * * without the approval of 80% or more of the LRLA lot owners." Ray also sought to prevent LRLA's Board from signing or submitting any court order in the 2021 case, until LRLA acquired approval of 80% or more of members, and requested a temporary restraining order and preliminary injunction.

{¶4} A hearing was held before a magistrate on Ray's request for a preliminary injunction on February 24, 2023. Three witnesses testified at the hearing: LRLA's former

---

1. This Court reviewed an unrelated issue regarding Attorney Roll's disqualification as counsel for LRLA. This Court reversed the trial court's decision disqualifying him and remanded the matter to the trial court for further proceedings. *Id.*, at ¶ 37-38.

Case No. 2023-P-0048

counsel, Attorney Stewart Roll, LRLA's current president, Dena Ferner, and Ray, the appellant.

{¶5} The magistrate denied Ray's motion for preliminary injunction on May 4, 2023. The magistrate concluded "that [Ray] did not prove by clear and convincing evidence the following: 1) that there is substantial likelihood of the [Ray] prevailing on the merits in this case; 2) that irreparable injury will occur if the injunction is not granted; 3) the rights of third parties will not be harmed if the injunction is granted; and 4) the injunction will serve the public interest." The magistrate further concluded that "the Proposed Settlement does not amend the LRLA Deed Restrictions, thus only a majority vote is necessary for passage." The magistrate's decision was accepted by the trial court on June 7, 2023.

{¶6} Appellant timely appeals and raises a single assignment of error: "The trial court erred in issuing a Journal Entry and Order (Order T.d. 27) on May 15, 2023 adopting the Magistrate's February 21, 2023, Order (Order T.d. 20) denying Plaintiff's Motion (Motion T.d. 4) for Injunctive Relief, and approving on June 7, 2023, the Magistrate's Entry (Journal Entry T.d. 31)."[2]

{¶7} This case came before the Court for oral argument on November 8, 2023. Attorney Roll, counsel for Ray in this appeal, sought to withdraw. This Court denied the initial request for failing to comply with the Local Rules. The Court simultaneously issued a show cause order requesting the parties to submit responses on whether the decision on the preliminary injunction constitutes a final appealable order. Ray and appellees filed their responses on December 18 and December 19, 2023, respectively. In conjunction

_____

2. T.d. 27 was filed on May 5, 2023.

3

with Ray's response on the show cause order, Attorney Roll filed an amended motion to withdraw.

{¶8} In response to the show cause, Ray argues that the order denying the preliminary injunction qualifies as a final order. We disagree.

{¶9} "A preliminary injunction is a provisional remedy, considered interlocutory, tentative, and impermanent in nature." *Youngstown City School Dist. Bd. of Education v. State*, 10th Dist. Franklin No. 15AP-941, 2017-Ohio-555, ¶ 6 citing, *Wells Fargo Ins. Servs. USA v. Gingrich*, 12th Dist. No. CA2011-05-085, 2012-Ohio-677, ¶ 5. As such, the denial of a preliminary injunction, is not a final, appealable order "unless it meets the two-part test set forth in R.C. 2505.02(B)(4) governing appeals from the grant or denial of provisional remedies: '(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy,' and '(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.'" (Italics original). *Id.* at ¶ 6.

{¶10} Because "the court has issued an order determining the action with respect to the provisional remedy of a preliminary injunction, and this order prevents a judgment in favor of appellant with regard to the preliminary injunction," the first prong has been satisfied. *LCP Holding Co. v. Taylor*, 11th Dist. No. 2003-P-0067, 158 Ohio App.3d 546, 2004-Ohio-5324, 817 N.E.2d 439, ¶ 26.

{¶11} Turning to the second prong, we conclude that upon final judgment, appellant would be afforded a meaningful or effective remedy by an appeal from the

4

judgment. As such, this order does not constitute a final, appealable order pursuant to R.C. 2505.02.

{¶12} Appellant sought a declaration from the trial court "that LRLA's Deed restrictions prohibit the transfer of the easements * * * without the approval of 80% or more of the LRLA lot owners." While the magistrate's decision ultimately determined otherwise, that ruling was made only regarding the preliminary injunction request.

{¶13} As this Court noted in *Rock House Fitness Inc. v. Himes*, 11th Dist. No. 2020-L-075, 2021-Ohio-245, 167 N.E.3d 499, ¶ 28:

> [T]here is also a fundamental due process concern with treating this order as the final judgment on the merits. "Where a hearing on an application for a preliminary injunction is to be consolidated with a trial on the merits, Civ.R. 65(B)(2) requires the court to issue a 'consolidation' order before the hearing, thus providing the parties with notice that the case is, in fact, being heard on the merits." *Turoff v. Stefanac*, 16 Ohio App.3d 227, 475 N.E.2d 189 (8th Dist.1984), paragraph two of the syllabus.

{¶14} Upon review of the record, there was no consolidation order as required. Thus, the parties were not provided notice that the trial court intended the preliminary injunction hearing to be a hearing on the merits. As such, the trial court's decision on the preliminary injunction is not a final order and the trial court must issue a decision on the merits.

5

Case No. 2023-P-0048

{¶15} For the reasons set forth in the memorandum opinion of this Court, it is ordered that the appeal is hereby dismissed for lack of jurisdiction. This case should proceed in the trial court for final disposition.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.